9811.   WESTERN AND ATLANTIC RAILROAD COMPANY v. MALLETT.

STEPHENS, J.   1. Where an amendment to the pleadings was offered and allowed, the trial judge did not abuse his discretion in overruling a motion, made by the opposite party, to continue the case on the ground of surprise, when the movant made no showing to the effect that he was "less prepared for trial, and how, than he would have been if such amendment had not been made, and that such surprise is not claimed for the purpose of delay."   Civil Code (1910), § 5714; *Georgia Life Ins. Co.* v. *Hanvey*, 143 *Ga.* 786 (2) (85 S. E. 1036).

2. Where the existence of a fact was affirmed by positive evidence and denied by negative evidence, an issue was raised, and the trial judge committed no error in properly submitting such issue to the jury. *Pendergrast* v. *Greeson*, 6 *Ga. App.* 47 (64 S. E. 282); *Innis* v. *State*, 42 *Ga.* 473.

3. The assignments of error complaining of the charge of the court, as set

forth in the 2d and 4th grounds of the amendment to the motion for new trial, are without merit. The charge was full and' fair and correctly presented all of the issues in the case to the jury.

4. The testimony of the plaintiff, however improbable, was not "in contradiction to the well-established physical laws of the universe." There was evidence to support the verdict, and no error of law was committed.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 1, 1919.

Action for damages; from Whitfield superior court—Judge Tarver. May 7, 1918:

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error. *Glenn & House,* contra.

BROYLES, P. J., concurring. In my opinion it is a very close question as to whether the plaintiff was entitled to recover under the evidence adduced. The great preponderance and weight of the evidence was unquestionably in favor of the defendant, and the slight evidence which favored the plaintiff was weak, unsatisfactory, contradictory in spots, and improbable. However, I can not say that the verdict was not authorized by *any* evidence; and since it has been approved by the trial judge, and no error of law appears to have been committed upon the trial, this court is without jurisdiction to interfere, and I must concur in the affirmance of the judgment.