## SINGER *v.* SHELLHOUSE.

No. 8710.   July 15, 1932.

*H. A. Wilkinson* and *G. Y. Harrell*, for plaintiff in error.
*Linton B. West*, contra.

HILL, J.  J. G. Singer brought a petition against G. S. Shellhouse, for injunction to restrain the cutting of timber and for damages for timber already cut, alleging that the defendant was a trespasser upon plaintiff's property, of which he is the owner and in possession, consisting of lot of land No. 82, and a part of lot No. 81, lying north and west of Pataula Creek in the 20th district of Stewart County.  The answer filed by the defendant denied the material allegations of the petition, and averred that the title to lot of land No. 81 is vested in Allen Callaway, and that defendant has bought all the timber on said lot and now holds a timber lease executed by Callaway to Alexander & Bland, and by the latter transferred and assigned to the defendant; that the title to the timber

is vested in the defendant on the lot of land in controversy, and is not vested in plaintiff. The jury found in favor of the defendant. The plaintiff made a motion for new trial, which was overruled, and he excepted.

■ Special ground 1 of the motion for new trial assigns error on the following charge of the court: "Constructive possession of land is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such cases the law construes the possession to extend to the boundary of the tract. Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases no prescription can arise in favor of either." The charge complained of is in the exact language of the Civil Code (1910), § 4166, and is not erroneous because the court failed to instruct the jury immediately in connection therewith that in such cases the party having the oldest title duly recorded should prevail in said case. A charge correct within itself is not rendered erroneous because the court does not, in immediate connection therewith, charge some other principle of law which may be applicable.

■ Error is assigned in ground 2 of the amendment to the motion for new trial on the following charge of the court: "The court charges you, if you believe by a preponderance of the evidence that this land in question described in the petition belonged to the plaintiff, and that the defendant entered upon that land wrongfully and proceeded to cut the timber on that part of the land of lot No. 81, and if you believe the plaintiff owned it, then the defendant would be a trespasser and would be liable for such trespass, after due notice, as set forth in the plaintiff's petition; you would find in favor of the plaintiff, if you believe that by a preponderance of the evidence. If you find for the plaintiff, then you would find also the amount of $10.50 for damages, if you find the issues in his favor." The foregoing charge is not error for the reason assigned, that the court in effect instructed the jury that the plaintiff was required to show and establish by a preponderance of the evidence that the defendant entered upon the land wrongfully and cut timber on a part of lot No. 81, that the defendant would be liable to the plaintiff for such trespass after due notice. Such charge did not place a greater burden upon the plaintiff than was required by law. It is contended that when plaintiff

establishes by a preponderance of the evidence that he owned the land and the defendant cut timber therefrom, the plaintiff would be entitled to recover such damages as he may have sustained, without any notice from the plaintiff. The plaintiff in his petition alleged "that said trespass is not only wrongful, but wilful, and is being made after due notice." It is also alleged in the petition that "in the years 1927, 1928, and 1929, defendant entered upon said lot of land No. 82 and wrongfully cut therefrom 100,000 feet of timber of the value of $10 per thousand." Construing this allegation in connection with the allegation quoted above, this is an action for damages for the wilful cutting of the timber for the years mentioned, after due notice given by the plaintiff. See Civil Code (1910), § 4515, par. 1. The plaintiff was therefore entitled to recover, if at all, for the wilful cutting of the timber, without any deduction; and the charge complained of, that if the plaintiff owned the timber, the defendant would be a trespasser and would be liable for such trespass "after due notice, as set forth in the plaintiff's petition," etc., was not erroneous.

■ Ground 3 of the amendment to the motion for new trial is substantially the same as that set out in ground 1 supra, and shows no error for the reason, as contended, that the court failed to instruct the jury, after defining constructive possession of the land, the question of the effect of the oldest paper title, or recorded deed, in the case.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*