31442.   PIERSON *v.* M. & M. BUS COMPANY.

538

*Hallie B. Bell, Hall & Bloch,* for plaintiff.

*Miller G. Edwards, Martin, Martin & Snow,* for defendant.

Parker, J. Mrs. Pansy E. Pierson brought suit against M. & M. Bus Company for personal injuries alleged to have been sustained by her while riding as a passenger on a bus operated by the defendant as a carrier for hire. She sued for $15,000 as general damages and for $390.15 as special damages. The jury found a verdict in her favor for $390.15. She filed a motion for a new trial on the general grounds, and on one special ground setting up that the verdict was inadequate, unfair, unjust, and contrary to the evidence, and was so small that it demanded a conclusion of gross mistake or undue bias on the part of the jury against the plaintiff and in favor of the defendant. Her motion for new trial was overruled, and error is assigned on that judgment as being contrary to law, and also upon the ground that the court did not unqualifiedly approve the verdict. Two questions, therefore, are presented for decision by this court.

■ As to the first contention, that the verdict was entirely too small, and was wholly inadequate as compensation for the injuries received, the plaintiff cites the Code, § 105-2015 (also § 20-1411), as follows: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." The plaintiff also cites on this point the following cases: *Travers* v. *Macon Ry. &c. Co.,* 19 *Ga. App.* 15 (90 S. E. 732), *Slaughter* v. *Atlanta Coca-Cola Bottling Co.,* 48 *Ga. App.* 327 (172 S. E. 723), *Potter* v. *Swindle,* 77 *Ga.* 419 (3 S. E. 94), and *Anglin* v. *Columbus,* 128 *Ga.* 469 (57 S. E. 780). In the *Travers* case this court held that where the verdict establishes liability, and the proof showed actual damages resulting from the injuries amounting to $107, and also pain and suffering, a verdict for $1 for the plaintiff was grossly inadequate and contrary to law and the evidence. In the *Slaughter* case—where the plaintiff sued for damages for pain and suffering caused from burns to her mouth received while

drinking a bottle of Coca-Cola containing a percentage of caustic soda or similar element, and the undisputed evidence showed that her mouth was burned apparently by some caustic, that her physician continued to see her at intervals for many weeks, and she was in bed a part of the time for a week or more—it was held that the verdict for $1 could not be considered as sufficient compensation for whatever pain and suffering the plaintiff may have endured. In the *Potter* case, which was a suit for false imprisonment, where it appeared that the plaintiff had been arrested without a warrant, handcuffed and carried out of the county and incarcerated for several days, the Supreme Court held that a verdict for $25 was not sufficient compensation for the injury. In the *Anglin* case, a suit for damages resulting from the fall of a shed constructed over a sidewalk—where the injuries to the plaintiff were so severe that she was confined to her bed perfectly helpless for about two months, and afterwards was confined to her bed for about half the time, and her injuries required the constant treatment of a doctor—it was held that a verdict for $100 was so small as to require the inference of gross mistake or undue bias. See also *McLendon* v. *Floyd*, 59 *Ga. App.* 506 (1 S. E. 2d, 466), holding that a verdict for $300 was inadequate, where the undisputed evidence showed actual damages to the plaintiff resulting from the injuries sustained, in the loss of wages amounting to $400, and medical expenses amounting to $300, and also severe pain and suffering.

In this case, the plaintiff testified that her right shoulder was broken and dislocated, that she received other injuries to her arm, hands, back, knee and ankle, and that she was in the hospital at Robins Field for three days; that after the Government doctors discharged her she went to Dr. Massenburg and Dr. Pope, to the latter because she was afraid of ear trouble; and that she went to Dr. McLaughlin to see if her eyes were causing the pains in her head. Later on she went to the hospital in Panama City because of violent headaches and pains in her left leg and back, and in November, 1945, she discovered that she had some injury or pain in her left leg for which she went to a hospital in Thomasville, Georgia. Her testimony as to actual expenses incurred on account of the injuries was vague, indefinite, uncertain, and somewhat conjectural, and we think that the jury could have found an amount less than that claimed by the plaintiff as special damages for actual expenses

incurred. The plaintiff offered no medical testimony as to the nature, character, or extent of her injuries. Dr. Massenburg, a witness for the defendant who had treated the plaintiff before she was injured, testified that he examined the plaintiff about September 27, 1945, following her injuries on June 18, and that he made an X-ray of her shoulder and saw no evidence of any fracture, although he should have seen evidence of any old fracture if there had been one within three or four months prior to his examination. He testified also that there was no limitation of motion in the plaintiff's shoulder or any of the joints, and that her complaints were entirely subjective.

One of the main issues in the case was the extent of the plaintiff's injuries. There was evidence from which the jury could have inferred that her health was not good before the injuries were received, and that all of the pain and suffering and hospital expenses and experiences recounted by her were not the result of the injuries. It seems to us that the verdict found by the jury, although it was in the exact sum claimed as special damages, could have included in the minds of the jury some amount for pain and suffering or general damages. We can not say as a matter of law that the verdict was inadequate or so small as to justify an inference of gross mistake or undue bias. "The presumptions are in favor of the validity of the verdict of a jury, and the verdict should be construed so as to stand, if practicable." *Douglas Motor Co.* v. *Watson,* 68 *Ga. App.* 335 (22 S. E. 2d, 766). See also the Code, § 110-105, *McCollum* v. *Thomason,* 32 *Ga. App.* 160 (122 S. E. 800), *Swain* v. *Georgia Power & Light Co.,* 46 *Ga. App.* 794 (169 S. E. 249), *Owen* v. *Anderson,* 54 *Ga. App.* 53 (186 S. E. 864), and *Beaver* v. *Magid,* 56 *Ga. App.* 272, 279 (192 S. E. 497), and cit.

■ Unquestionably it is the duty of the trial judge, in the exercise of a sound legal discretion, either to approve the verdict of the jury in a trial before him or to grant a new trial, when a motion therefor is duly and properly made by the losing party. See *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978); *Central of Georgia Ry. Co.* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949); *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912); *Livingston* v. *Taylor,* 132 *Ga.* 1 (63 S. E. 694). In *Walters* v. *State,* 6 *Ga. App.* 565 (65 S. E. 357), Judge Powell, speaking for the court, said: "Before the verdict of the

jury becomes final it should, where the defendant requires it by a motion for a new trial, receive the approval of the mind and conscience of one more man—the trial judge. Until all thirteen, the twelve jurors and the judge, agree upon the prisoner's guilt, his conviction is not legally final."

The trial judge's order overruling the motion for new trial is several pages long and includes a paragraph as follows: "Having presided at the trial of this case, observing and hearing the witnesses, the court can not say that he is dissatisfied with the finding of the jury. Under the evidence they could well have found a smaller or larger verdict. Therefore the court is not willing to disapprove the verdict." The plaintiff contends that this part of the order shows that the judge did not unqualifiedly approve the verdict. We do not think that this language should be construed as a failure to approve the verdict. It expressly states that the judge "can not say that he is dissatisfied with the finding of the jury," and that he "is not willing to disapprove the verdict." In construing an order overruling a motion for a new trial it will be presumed that the trial judge knew the rule as to the obligation upon him, and that in overruling the motion he exercised his discretion, unless the language of the order indicates to the contrary. *Seaboard Air-Line Ry. Co.* v. *Benton,* 43 *Ga. App.* 495 (159 S. E. 717); *Martin* v. *Bank of Leesburg,* 137 *Ga.* 285 (73 S. E. 387); *Brown* v. *Service Coach Lines,* 71 *Ga. App.* 437 (31 S. E. 2d, 236).

After a careful consideration of the order overruling the motion, and the authorities cited by counsel, we are of the opinion that, properly construed, the order is an approval of the verdict as required by law.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*