31757. WEST LUMBER COMPANY *v.* CASTLEBERRY

Decided October 29, 1947.

*Miller & Head,* for plaintiff in error.

*Augustine Sams, Grigsby H. Wotton,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The parts of § 105-2013 of the Code applicable to this case provide as follows: "Where plaintiff recovers for timber cut and carried away, the measure of damage is: 1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense. 2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property."

In order to entitle the plaintiff to recover in an action based on the foregoing Code section, evidence must be produced sufficient to authorize the jury to find (a) that the plaintiff owned the land on which timber was growing, (b) that the defendant converted a specific quantity of this timber, and (c) what the full value thereof was at the time and place of demand or suit. The jury was authorized to find from the evidence that the plaintiff owned the land from which the defendant wrongfully cut

14

and removed sufficient timber from which as much as 80,000 feet of lumber was manufactured; that no demand for settlement was made of the defendant by the plaintiff and that the full value of the lumber was of sufficient amount per thousand feet at the time of the bringing of the suit to gross as much as $2500. There was sufficient evidence for the jury to have found that the defendant was a wilful trespasser. However, upon the proof of title in the plaintiff, conversion by the defendant and value as herein outlined, the burden of proof to show bad faith, or that the defendant was a wilful trespasser, is not on the plaintiff, but is on the defendant to show that he was an unintentional or innocent trespasser acting in good faith. See *Milltown Lumber Company* v. *Carter*, 5 *Ga. App.* 344, and *Taylor* v. *Hammack*, 61 *Ga. App.* 640. There being some evidence to support the verdict, this court is without jurisdiction to entertain assignments of error that the verdict is contrary to the evidence. This is a question that is addressed to the discretion of the trial judge, upon whom is imposed the duty of being satisfied with the verdict before he approves it. *Bell Brothers* v. *Aiken*, 1 *Ga. App.* 36 (2); *Mayor &c. of Gainesville* v. *Henderson*, 12 *Ga. App.* 126 (4); *Aycock* v. *State*, 62 *Ga. App.* 812 (1); *Sisk* v. *Landers*, 67 *Ga. App.* 538 (1). The general and special grounds 4 to 7 inclusive fail to require a new trial.

■ The excerpts from the charge of the court, alleged to be error in special grounds 11 to 13 inclusive, and the alleged failure of the court to give in charge the defendant's request contained in special ground 14 of the amended motion for new trial, are next considered together, all being interrelated. Special grounds 11, 12, and 13, contend that certain specific evidence and the evidence generally rendered this charge as to the measure of damages, contingent upon the jury finding that the defendant was a wilful trespasser, inapplicable to the case and prejudicial to the defendant. Had a verdict been demanded by the evidence that the defendant was an unintentional or innocent trespasser, this position of the defendant would be well taken. However, where the jury, as in this case, was authorized to find that the defendant was a wilful trespasser, and where the defendant failed to carry the burden of proof that he was, if a trespasser at all,

an unintentional or innocent trespasser, the court properly submitted to the jury the law respecting the measure of damages, both in case the jury should find the trespass, if any, was wilful, and in case the jury should find the trespass, if any, was unintentional or innocent. The court charged this in the substantial language of the Code section herein quoted. Special ground 14 alleges error on account of the court's failure to charge a request which is substantially what is assigned as error in the excerpts contained in special grounds 11, 12, and 13. This request contains substantially the principle of law respecting the measure of damages applicable to this case, but it was fully covered by the charge. In an action by the plaintiff for recovery of timber cut from his lands and carried away, the measure of damage is the full value of the property at the time and place of demand or suit, without deduction for labor or expense, if the defendant is a wilful trespasser; if the defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property. Whether the defendant was a wilful trespasser, or an unintentional or innocent trespasser, if either, may be, and in the instant case was, a question for the jury. See Code § 105-2013; *Hammontree* v. *Cagle,* 151 *Ga.* 1; *Singer* v. *Shellhouse,* 175 *Ga.* 136; *Taylor* v. *Hammack,* supra; *Milltown Lumber Company* v. *Carter,* supra. The court did not err in giving in charge the excerpt complained of in special grounds 11, 12, and 13, and since the request contained in special ground 14 was fully covered by the charge, these grounds of the amended motion for new trial are without merit.

■ Special grounds 8, 9 and 10 of the amended motion for new trial allege error on account of the introduction of the deed under which the plaintiff claims title to the 10-acre-tract from which the conversion of his timber took place, because the deed recited that said land was in land lot number 176, and the other evidence of the case showed said land to be in land lot number 173, it being contended that the deed was inadmissible and that its admission in evidence over timely objection of the defendant was harmful and prejudicial to the defendant. Counsel for the plaintiff insist in their brief upon the application of the rule that a ground of a motion for new trial complaining of admission or

16

rejection of documentary evidence, which does not set forth a copy of the document or its substance in the ground itself, or by properly identified exhibit attached to the motion for new trial as part of such ground, but merely refers to it in the motion as being set out in the brief of evidence as an exhibit, is insufficient upon which to base an assignment of error in a bill of exceptions complaining of the refusal of a new trial, and insist that these grounds of the amended motion for new trial be therefore not considered. Since these grounds are subject to the criticism thus pointed out, they are not considered by this court. See *Williamson* v. *Prather, Ford* v. *Blackshear Manufacturing Co., Ewing* v. *State, Hester* v. *Muscogee Motor Co., Sims* v. *Sims, Head* v. *State,* and *Stanford* v. *State* (supra).

The judgment overruling the defendant's motion for new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J. and Gardner, J., concur.*