35882. SHETZEN *v.* C. G. AYCOCK REALTY COMPANY.

DECIDED FEBRUARY 24, 1956.

*Joseph J. Fine, F. H. Boney, John H. Mobley,* for plaintiff in error.

*Sams, Wotton & Sams,* contra.

FELTON, C. J. ■ ■ The ruling on the motion for a judgment notwithstanding the verdict was not a final judgment but was a judgment from which a direct bill of exceptions will lie because it was one which would have been final, if the ruling had been as contended for by the plaintiff in error. Code § 6-701. In the bill of exceptions the plaintiff in error assigns error on the overruling of his general demurrer to the petition. Because there is no final judgment excepted to, the ruling on the general demurrer, made interlocutory by election of the party, cannot be considered. *Mechanics' & Traders' Bk. of Rome* v. *Harrison,* 68 *Ga.* 463, 465; *Turner* v. *Camp,* 110 *Ga.* 631 (2) (36 S. E. 76); *Berryman* v. *Haden,* 112 *Ga.* 752 (2) (38 S. E. 53); *Harvey* v. *Bowles,* 112 *Ga.* 421 (37 S. E. 364); *Fugazzi, Lovelace & Co.* v. *Tomlinson,* 119 *Ga.* 622 (1) (46 S. E. 831); *Cox* v. *Hardee,* 135 *Ga.* 80 (5) (68 S. E. 932).

■ The defendant in error moves to dismiss the writ of error on the ground that a motion for a new trial and a motion for a judgment notwithstanding the verdict are mutually exclusive one of the other and that where both motions are made and a new trial is granted it is contrary to law to make, consider or grant a motion for a judgment notwithstanding the verdict. We cannot concur in this contention. In this State the sole purpose of a motion for judgment notwithstanding the verdict is to permit the court to review and reconsider his ruling on the antecedent motion for a directed verdict. The ultimate result intended is the avoidance of another trial when the law demanded a result for the movant on the first trial, and it was never intended that the movant be made to choose between moving for a new trial and moving for a judgment notwithstanding the verdict. Under the old law, when the evidence demanded a verdict for the movant, his remedy was in the general grounds of a motion for a new trial and a reversal of the judgment denying the motion for a new trial necessitated a retrial of the case. The new law provides for

the correction of an error in refusing to direct a verdict in the first instance and obviates the necessity for a second trial. See Ga. L. 1953, Nov. Sess., pp. 440, 444 (Code, Ann. Supp., § 110-113). The act does not provide that the two motions be in the alternative and be mutually exclusive. It provides that the motions may be joined or may be filed separately. A motion for a new trial may contain grounds of alleged error not contained in a motion for a judgment n. o. v. A movant may file both motions but he is in effect saying: "If I am not entitled to a judgment n. o. v., I am at least entitled to a new trial on other grounds." Of course, if a judgment is demanded in his favor and such is granted on a motion for a judgment n. o. v., the errors complained of in the motion for a new trial are rendered harmless and they would not be insisted upon.

The general grounds of a motion for a new trial and the ground of a motion for a judgment n. o. v. are not always identical. The general grounds of a motion for new trial may complain of an excessive verdict, or of the finding of attorney's fees or damages for bad faith when the evidence did not authorize a verdict for these items although it did authorize a verdict on the main issue, etc. These things cannot be complained of in a motion for a judgment n. o. v.

It may be argued that if the General Assembly had intended an avoidance of additional litigation, it should also have changed the law applied in division 1 (a) of this opinion and permitted the court to rule on a judgment overruling a general demurrer brought to this court on a direct exception to a judgment not final, because should it be found that the court erred in overruling the general demurrer, the case would be ended there. The author speaking for himself alone cannot see the reasoning for not allowing all antecedent interlocutory rulings to be made the subject of review in any case before the court which is properly before it, especially rulings on general demurrers, but that is a matter for the General Assembly to correct and not for the courts, and the fact that the General Assembly did not correct the whole of an undesirable procedure does not militate against and vitiate the one step it did take in remedying the situation.

The motions were filed separately on October 15, 1954. A new trial was granted on May 27, 1955. On June 6, 1955, the defend-

ant moved the court to consider and rule on his motion for judgment n. o. v. On June 24, 1955, the motion for judgment n. o. v. was denied. It does not matter that the new trial was granted before the court ruled on the motion for judgment n. o. v. The law contemplates that both motions will be ruled on and ruled on at the same time, and in the instant case it will be considered that the court did so.

The theory of the plaintiff's action as set out by its petition is: that the property described in the contract was sold by the sellers to the defendant on December 13, 1949; that on or about November 27, 1950, the defendant, his wife and another organized a corporation known as the Smith Street Apartments, Inc.; that the defendant conveyed the property to the corporation; that the corporation built an apartment house on the property which was completed and ready for occupancy on about November 1, 1951; that the plaintiff was not given the management of the rental of such apartments as provided by the stipulation in the contract; that the corporation was formed by the defendant to avoid his liability to the plaintiff under the contract and that because of the nature of the corporation the defendant was the real builder of the apartment house.

The petition was subject to general demurrer for several reasons but as set out in division 1 (a) of the opinion the ruling on the general demurrer is not before this court for consideration. Our consideration is restricted to the question whether the court erred in denying the defendant's motion for a judgment notwithstanding the verdict.

The contention that the agreements of the parties were merged in the deed to the defendant is without merit. The provision in the sale contract that the defendant in error should manage the rental of the property for two years from the completion of the building is a separate and distinct agreement for the benefit of one not a party to the deed. Such an agreement is not essential or germane to the subject matter of the deed. Generally as to merger see 26 C. J. S. 342, § 91 (c).

Paragraph 6 of count one of the petition alleges that "the defendant, his wife Alice L. Shetzen and one John W. Webb applied to the Superior Court of Fulton County for a charter, the corporation to be known and designated as the Smith Street Apartments,

Inc. to avoid defendant's contract and in breach thereof." The defendant's sworn answer admitted this paragraph. The defendant amended by striking the admission and denied the paragraph. The plaintiff introduced the stricken admission in evidence. There was no explanation as to why the allegation in the paragraph was admitted by the defendant and under the numerous rulings by both his court and the Supreme Court the question as to the motive for organizing the corporation became a jury question. "Admissions in an answer to a petition are not mere suggestions of counsel, but are imputable to and admissible against the defendant making them, even though the portion of the answer containing such admissions is withdrawn or stricken; especially are they admissible where the answer is sworn to." *Williams* v. *Fouche,* 164 *Ga.* 311 (4) (138 S. E. 580) and cases cited. The fact that the same allegation and all other similar ones in count two were denied and the fact that three similar allegations in count one were denied cannot alter this conclusion.

The motion to dismiss the writ of error is denied.

The court did not err in denying the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*