37954.   DURHAM *et al. v.* PITTS.

DECIDED MARCH 10, 1960—REHEARING DENIED APRIL 1, 1960.

438

*Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird, W. M. Redman*, for plaintiffs in error.

*Ernest M. Smith, Alfred D. Fears, Kennedy, Kennedy & Seay, Harvey J. Kennedy*, contra.

BELL, Judge. The bill of exceptions in this case assigns error on the separate judgments of the trial court denying the defendants' motion for new trial and motion to set aside the judgment previously entered in the case.

Except as to matters of appellate procedure, the appellate courts are without jurisdiction to pass on a question concerning which the ruling of the trial judge was not invoked. *Selman* v. *Manis*, 100 *Ga. App.* 422, 426 (111 S. E. 2d 747), and cases therein referred to as supporting authority.

The motion for new trial was on the general grounds: "1st. Because the verdict is contrary to evidence and without evidence to support it. 2nd. Because the verdict is decidedly and

strongly against the weight of evidence. 3rd. Because the verdict is contrary to law and the principles of justice and equity."

According to *Bell Bros.* v. *Aiken*, 1 *Ga. App.* 36 (2) (57 S. E. 1001) and many other cases, the first two grounds of the motion present no question for consideration except that of whether there was any evidence to support the verdict.

The third ground presents the identical question. "An assignment of error that the verdict is contrary to law is too general and indefinite to present to a reviewing court any question of law except that the verdict, for want of any evidence to support it, is contrary to law." *Brown* v. *State*, 15 *Ga. App.* 115 (1) (82 S. E. 634). See also *Jackson* v. *Sapp*, 210 *Ga.* 134 (1) (78 S. E. 2d 23); Code § 70-202; *Pace* v. *Pace*, 154 *Ga.* 712 (115 S. E. 65); *Calhoun* v. *Osborn*, 186 *Ga.* 569 (198 S. E. 706). There was ample evidence to support the verdict, hence, there was no error in denying the motion for new trial.

The motion to set aside the judgment, which in this case was entered on the verdict of the jury, did not attack or call in question the validity of the verdict. In *Buchanan* v. *Nash*, 211 *Ga.* 343, 344 (86 S. E. 2d 111) is the pronouncement: "While it is the law that a trial judge has a broad discretion as to whether or not a judgment shall be set aside within the term at which it was rendered, this rule does not apply when the judgment sought to be set aside is based upon a jury verdict." The defendants recognize the force of this rule. In the latest of the several briefs filed by their counsel they cite *Sanders* v. *Beyer*, 94 *Ga. App.* 46 (93 S. E. 2d 348) as supporting authority for the same. The *Sanders* case holds: "A judgment based on the jury's verdict cannot be set aside by a motion to set aside as long as the verdict upon which the judgment is based stands and has not been set aside by proper procedure (*Buchanan* v. *Nash*, 211 *Ga.* 343, 86 S. E. 2d 111); therefore the court erred in setting aside the judgment since it was based on a jury's verdict which had not been set aside." However, the defendant contends the rule is not applicable in the instant case, because they filed a motion for new trial, as well as the motion to set aside the judgment. The two motions may be incorporated in one pleading or may by reference be made a part each of the other. *Burger* v. *Noble*, 81 *Ga. App.* 759 (59 S. E. 2d 761). But in whatever form the motion to

vacate the verdict upon which the judgment is entered is presented, it is still a motion for new trial (*Dollar* v. *Fred W. Amend Co.*, 186 *Ga.* 717, 198 S. E. 753), and, in order to comply with the rule pronounced in *Sanders* v. *Beyer,* supra, must set forth a legal ground or valid reason for setting the verdict aside. The motion for new trial in this case did not attempt to question the validity of the verdict on which the judgment attacked by the motion in arrest of judgment was entered on any ground except that it was not supported by evidence.

As previously pointed out in this opinion, the verdict was supported by evidence, and the motion for new trial showed no legal reason to set the verdict aside. Moreover, from the chronological order in which the events are related in the bill of exceptions, it appears that the motion for new trial had been disposed of and was not pending when the motion in arrest of judgment was filed. The bill of exceptions recites that the motion for new trial was filed, heard, and denied. In the succeeding paragraph of the bill of exceptions it is alleged that the motion to set aside the judgment was filed.

The conclusion is inescapable that the motion to set aside the judgment was insufficient, because no motion for a new trial showing a valid ground or reason for setting aside the verdict upon which the judgment was entered was pending at the time the motion to set aside the judgment was filed, or at any time subsequent to the trial on which the verdict was returned and the judgment was entered.

But had the motion to set aside the judgment met technical requirements, the trial judge would not have erred in denying it.

The motion alleged that the judgment was void because at the time it was rendered, the trial court had lost jurisdiction of the defendants Durham and Burtz: Firstly, for the reason that they were virtually dismissed from the case when the plaintiff conceded on the trial that she was not seeking damages against Durham and Burtz; secondly, because on a previous trial of the case a verdict was returned against a codefendant, Butts County alone, and the effect of the verdict when no exceptions were taken, was to eliminate the defendants Durham and Burtz from the case. The defendants cite as authority for their contention, *Frankel* v. *Davison-Paxon Co.*, 51 *Ga. App.* 476 (180 S. E. 771);

*Griffin* v. *Ross,* 93 *Ga. App.* 407, 411 (91 S. E. 2d 815) ; and *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859).

Where a party is in any manner eliminated from the case and ceases to be a party to it, the court in which the cause is pending is without jurisdiction to allow an amendment setting up a right to recover damages against the eliminated party. But want of jurisdiction of the person may be waived. One method of waiving jurisdiction of the person is by pleading to the merits of the case, unless such plea to the merits is made subject to a proper pleading protesting the jurisdiction of the court. *Tribble* v. *Knight,* 178 *Ga.* 804 (4) (174 S. E. 626) ; *Carter* v. *Smith & Sons,* 5 *Ga. App.* 804 (1, 2) (63 S. E. 932) ; Code § 81-503.

Any pleading that invokes a ruling of the court on the issues of the case, and not on the power of the court to entertain the cause, is a plea to the merits. *Tribble* v. *Knight,* supra.

In *Burger* v. *Noble,* 81 *Ga. App.* 759, supra, it is held: "While it is well settled that where joint defendants are sued in the county of residence of one of them and the judgment of the court is in favor of such defendant, the court loses jurisdiction as to the codefendant unless jurisdiction thereof is waived, either expressly or impliedly by the conduct of the defendant, nevertheless, want of jurisdiction of the person is waived and such jurisdiction is admitted where the non-resident defendant, as here, subsequently invokes a ruling of the court on the merits of the case. A ruling by the trial court on a motion for a new trial made by such non-resident defendant is such a ruling on the merits."

The conclusion is inescapable that by filing the motion for new trial and obtaining the judgment of the court denying the same, the defendants submitted themselves to the jurisdiction of the trial court prior to making the motion to arrest the judgment. Hence, the motion to set aside the judgment was without merit and was properly denied.

The court did not err in denying the motion for new trial or in denying the motion to set aside the judgment.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*