## 42516.   CROSBY AEROMARINE, INC. v. HYDE.

ARGUED JANUARY 10, 1967—DECIDED MAY 18, 1967— REHEARING DENIED JUNE 9, 1967—

*Perry, Walters, Langstaff & Lippett, Jesse W. Walters,* for appellant.

*Smith, Gardner, Kelley & Wiggins, Peter Zach Geer, Cook & Palmour, A. Cecil Palmour,* for appellee.

PER CURIAM. ■ The trial court did not err in overruling the motion for a judgment notwithstanding the verdict. The only grounds upon which this motion was urged were that the verdict was contrary to the evidence and without evidence to support it; that the verdict was decidedly and strongly against the weight of the evidence, and that the verdict was contrary to law and the principles of justice and equity. Where there is any evidence supporting the verdict, such grounds merely invoke the discretion of the trial court on the question of whether a new trial should be granted on the weight of the evidence. *Code* § 70-202; *West Lumber Co. v. Castleberry,* 76 Ga. App. 9 (1) (45 SE2d 67); *Martin v. State,* 95 Ga. App. 519 (98 SE2d 105). But, the sole purpose of a motion for a judgment notwithstanding the verdict is to permit the trial court to review and consider its ruling on an antecedent motion for a directed verdict. *Shetzen v. C. G. Aycock Realty Co.,* 93 Ga. App. 477, 479 (1b) (92 SE2d 114); *Crown Carpet Mills v. C. E. Goodroe Co.,* 108 Ga. App. 327, 330 (1) (132 SE2d 824). It is fundamental that, before the trial court would be authorized to direct a verdict in favor of one party and against another, the evidence must demand the verdict directed. *Code Ann.* § 110-104; *Barron G. Collier, Inc. v. Bailey,* 31 Ga. App. 197 (2) (120 SE 427). After a case has been tried and a jury has rendered a verdict in favor of one party, the mere fact that the trial judge is of the opinion that the verdict is against the weight of the evidence and in the exercise of his discretion would grant a new trial on the general grounds, affords no basis for the grant of a judgment notwithstanding the verdict. None of the grounds of the motion for a judgment notwithstanding the verdict in this case raised the question that a verdict for the movant was demanded, and such grounds were thus insufficient to present any question for the trial court's consideration or to authorize the grant of a judgment notwithstanding the verdict.

■ In the third and fourth enumerations of error the appel-

lant contends that the court erred in instructing the jury as to the provisions of § 68-1710 of the Code of Georgia and as to the provisions of § 16-75 of the Code of the City of Albany, both of which relate to the requirements for displaying lights on vehicles parked on a public roadway in the nighttime, and which, in effect, require that such lights be of such brilliance as to be observable for a distance of 500 feet, both to the front and rear of the vehicle so parked. The contention of the appellant is that there was no *competent* evidence that the defendant's truck was not equipped with lights in accordance with the requirements of the Code sections referred to. The evidence showed that on the night in question it was raining and visibility was poor. One of the plaintiff's witnesses testified that he had traveled along the street at the location where the defendant's truck was parked shortly before the plaintiff's husband collided with it; that he could not see very far, no more than 75 or 100 feet, and that "he liked to have run into the truck"; that he could see only little lights on the top of the truck; that they were yellow lights and appeared to be some distance down the street; that he did not see them until he was within about 75 feet of them, and that they gave the appearance of being 200 yards down the street; that he did not see any other lights on the truck; and that he did not see a blinker light. Aside from the defendant's witnesses, which included, of course, the driver of the truck, this was the only evidence respecting the lights. All of defendant's witnesses, who testified as to the lights on the truck, testified that they were adequate lights and that a 4-way blinker light was operating at the time of the collision. However, the testimony of the plaintiff's witness, though negative in character, was certainly some evidence making an issue for the jury to decide as to whether the truck was displaying lights in compliance with the law at the time of the collision. Where an issue is made by the pleadings it is not error to charge the law relating thereto, if such issue is supported by some evidence, even though such evidence be slight. *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201). The trial court is authorized to charge the law with respect to an issue made by the pleadings, notwithstanding the fact that one side of the issue is supported only by negative evidence while

the other is supported by positive evidence. *Western &c. R. Co. v. Mallett,* 23 Ga. App. 367 (2) (98 SE 238). In *Georgia R. & Bkg. Co. v. Wallis,* 29 Ga. App. 706, 714 (116 SE 883), where the issue was whether the bell on defendant's engine was ringing immediately before the defendant's train struck and killed the plaintiff's intestate, and where the plaintiff, upon whom the burden reposed, sought to prove this issue by witnesses who testified merely that, though they were present, they did not hear the bell, Judge R. C. Bell, speaking for this court, said: " 'Negative evidence' does not amount to no evidence at all; otherwise the term would be a misnomer. And jurors are not obliged to discard it merely because of the existence of positive evidence in conflict therewith. 'Where the existence of a fact was affirmed by positive evidence and denied by negative evidence, an issue was raised, and the trial judge committed no error in properly submitting such issue to the jury.' *Western & Atlantic R. Co. v. Mallett,* 23 Ga. App. 367 (2) (98 SE 238). Negative evidence is only a species of circumstantial evidence. See also in this connection, *Innis v. State,* 42 Ga. 474 (1); *Pendergrast v. Greeson,* 6 Ga. App. 47, 50 (64 SE 282); *Hunter v. State,* 4 Ga. App. 761 (62 SE 466)." So in this case, as in that case, the jurors were authorized to find against the defendant upon this ground of alleged negligence, and the trial court did not err in submitting this issue to them. These grounds are without merit.

■ In their fifth enumeration of error and in their brief relating thereto counsel for the appellant contend that the trial judge erred in submitting to the jury the question of whether or not the accident in question took place within a business or a residential district, and in this connection, in charging the provisions of *Code Ann.* § 68-1668 (a), which prohibits the stopping, standing, or parking of a vehicle upon the paved or main traveled part of the highway at any point outside of a business or a residential district when it is practical to stop, park or leave such vehicle standing off the highway. The substance of appellant's contention in this regard is that the evidence demanded a finding that the place of the accident was within a business district as defined by *Code Ann.* § 68-1504 (5) (a), and that under these circumstances, instructing the jury with respect to the duty of the

driver of a vehicle not to park it on the main traveled portion of the highway outside a business or residential district was confusing and misleading to the jury and injected into the case an issue not made by the evidence, and that in so charging the jury the court committed manifest and harmful error.

*Code Ann.* § 68-1504 (5) (a) defines a business district as follows: "The territory contiguous to and including a roadway when within any 600 feet along such roadway there are buildings in use for business or industrial purposes, including but not limited to hotels, banks or office buildings, railroad stations, and public buildings which occupy at least 300 feet of frontage on one side or 300 feet collectively on both sides of the roadway: Provided, however, that when such territory is located outside the incorporated limits of a city or town, it is designated and marked as such by the Director of Public Safety." While we know the proper construction to be given to this enactment of the legislature, it must be conceded that the exact meaning and intent of the legislature with respect to the definition of a business district may be subject to varying interpretations by reasonable men. What is the proper construction to be given to a statute, however, is for the court and not for the jury. *Lime-Cola Bottling Co. v. Atlanta & W. P. R. Co.*, 34 Ga. App. 103 (1) (128 SE 226). But, whether or not the place of the accident in this case was within a business district, as defined by the legislature and as such definition has been properly construed by the courts, was ultimately a question of fact to be determined by the jury from the evidence adduced before them in the trial of the case. The appellant does not contend that the trial court erroneously construed the statute or incorrectly instructed the jury as to its meaning, or that it failed to instruct the jury as to the proper construction of the statute, but merely that the court erred in instructing them in accordance with the statute as to the definition of a business district and in leaving to the jury the decision of the question of whether or not, under the evidence adduced, the facts in this case placed the location of the accident within a business district. Under the instructions as given by the court we think the jury may well have reached a decision either that the locale of the accident was within a busi-

ness district or that it was not within a business district, though the evidence as to the use of the land and as to the nature of the buildings abutting the highway was undisputed. While the court probably should have construed the statute for the jury and instructed them more fully with respect to what constitutes or does not constitute a business district, the appellant does not complain that this was not done, but merely because the court left to the jury the decision as to whether, under the evidence, the accident occurred within a business district or outside a business or residential district. (There was no evidence, as conceded by both parties, that the locale was within a residential district.) Appellant did not request any fuller or more complete instructions, and in the absence of such a request, it clearly was not error for the court to instruct the jury as complained of in the fifth enumeration of error.

█ As pointed out in Division 1 of this opinion, the evidence with respect to the alleged negligence of the defendant was in conflict, but was clearly sufficient to authorize a verdict for the plaintiff in some amount. The evidence shows that the plaintiff's husband was a 29-year-old, able-bodied man earning $65 per week with a life expectancy of 36.03 years according to "The American Experience Table of Mortality." In view of this evidence it is apparent that the jury, in rendering a verdict for only $12,500, did not find that the plaintiff's husband was wholly without fault, but in applying the comparative negligence doctrine reduced the recovery of the plaintiff in proportion to the negligence they found attributable to her husband. It cannot be said that the evidence did not authorize the verdict for the plaintiff.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*