44286. HYDE, Administratrix v. CROSBY
AEROMARINE, INC.

SUBMITTED MARCH 3, 1969—DECIDED APRIL 21, 1969.

Smith, Gardner, Wiggins & Geer, Cook & Palmour, A. Cecil Palmour, for appellant.

Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters, for appellee.

QUILLIAN, Judge. In this, as in the companion case, the plaintiff alleged that the defendant in violation of Code Ann. § 68-1710 (Ga. L. 1953, Nov. Sess., pp. 556, 606) was negligent in failing to have the truck equipped with a lamp or lamps displaying a white or amber light visible for a distance of 500 feet in front of the vehicle.

The evidence in the case sub judice was substantially the same as it was in the companion case. In the prior case one of the plaintiff's witnesses testified that: shortly prior to the collision he had traveled along the street where the truck was parked; he couldn't see the three little lights on top of the truck until he was within approximately 75 feet of the truck and the lights gave the appearance of being 200 feet down the street. In the instant case the only difference in his testimony about the lights was that he first saw the lights when he was 50 to 100 yards from the truck and they gave the appearance of being 200 or 300 feet away. While in this case the witness did testify he could see the lights when he was driving 50 to 100 yards from the truck rather than only approximately 75 feet, this was still less than the distance required by law.

In discussing this witness's testimony in the companion case this court held: "However, the testimony of the plaintiff's witness, though negative in character, was certainly some evidence making an issue for the jury to decide as to whether the truck was displaying lights in compliance with the law at the time of the collision." Crosby Aeromarine, Inc. v. Hyde, 115 Ga. App. 836, 839, supra. Thus, the evidence in this case was also

enough to make a question for the jury whether the truck was displaying the proper lights in compliance with the law at the time of the collision. ·

There being sufficient evidence to authorize a verdict for the plaintiff, the direction of a verdict for the defendant was error.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*