44916. BURNET et al. v. BAZEMORE,
by Next Friend, et al.

QUILLIAN, Judge. After the rendition of a verdict and judgment adverse to them, the appellants made a motion for judgment notwithstanding the verdict and simultaneously therewith, in the alternative, a motion for new trial on the general grounds. Appeal was taken from the judgment on the verdict and from the trial judge's overruling the appellant's motion for judgment notwithstanding the verdict. No mention was made in the notice of appeal with regard to the overruling of the motion for new trial and such judgment was not enumerated as error. *Held:*

Absent a specific appeal from the ruling on the motion for new trial or enumerating the same as error, the denial of the motion becomes the law of the case as to all grounds contained therein. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281), and *Tiller v. State,* 224 Ga. 645 (164 SE2d 137). The appellants enumerate as error the denial of their motion for directed verdict and the overruling of their motion for judgment notwithstanding the verdict. This raises the question of whether there was any evidence to support the verdict. Since the denial of the motion for a new trial unappealed from is the law of the case that the evidence was sufficient, the enumeration of error is without merit. *Ga. R. & Bkg. Co. v. Frazer,* 118 Ga. App. 810 (165 SE2d 607).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED JANUARY 5, 1970—DECIDED APRIL 10, 1970—REHEARING DENIED JUNE 22, 1970—

*Bennett, Pedrick & Bennett, Larry E. Pedrick, John W. Bennett,* for appellants.

*Friedman, Haslam & Weiner, Erwin A. Friedman, Nelson Haslam, Delmar L. Minchew,* for appellees.

## On Motion for Rehearing.

Counsel for movant contends that the failure to enumerate as error the ruling on the motion for new trial did not fix the law of the case with regard to the motion for judgment n.o.v. He argues this position is sound because the motion for new trial complained, (1) that the verdict is decidedly and strongly against the weight of evidence, (2) that the verdict is contrary to the principles of justice and equity, while the motion n.o.v. was on the grounds that the verdict is contrary to evidence and without evidence to support it. Thus, it is reasoned that the grounds for new trial did not raise the question of whether there was any evidence to support it.

The cases cited by the movant indicate the often reiterated rule concerning the limited area of consideration our appellate courts have when reviewing the evidence compared to the wider scope of the trial judge in considering whether to grant a new trial. *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836, 838 (156 SE2d 106), is authority for the proposition that any of the general grounds are addressed to the discretion of the trial judge. See *West Lumber Co. v. Castleberry,* 76 Ga. App. 9 (45 SE2d 67); *Martin v. State,* 95 Ga. App. 519 (98 SE2d 105); cases annotated under *Code* § 70-202; and see *Code* § 70-206. Moreover, on appeal the general grounds pose the sole question was there any evidence to support the verdict. *Durham v. Pitts,* 101 Ga. App. 437, 439 (114 SE2d 217); *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824). Only if there was no evidence may this court reverse the trial court. *McBowman v. Merry,* 104 Ga. App. 454, 456 (122 SE2d 136), and *Smith v. Merck,* 206 Ga. 361, 375 (57 SE2d 326). This same rule (any evidence) applies to both the trial court and this court on a motion for judgment notwithstanding the verdict. *Ga. R. & Bkg. Co. v. Frazer,* 118 Ga. App. 810, supra.

Of course, the grounds of a motion for new trial and those of a motion for judgment n.o.v. are not always the same. *Shetzen v. C. G. Aycock Realty Co.,* 93 Ga. App. 477, 480 (92 SE2d 114). The consideration of a motion for judgment n.o.v. does not inculcate

the discretionary power of the trial judge to grant a new trial when the verdict is against the weight of evidence. *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836, 838, supra. For this reason, a motion for judgment n.o.v. may be denied without precluding the grant of a new trial; for though there may be some evidence the verdict may still be against the weight of the evidence. Likewise, on the same parity of reasoning, a new trial may be granted without demanding a judgment n.o.v., for the weight of evidence may be on one side, yet there be some to the contrary.

But neither these facts, nor any of the other rules above cited, lead us to the conclusion that the trial judge does not make a determination as to whether there is any evidence to support the verdict when he passes on the grounds of a motion for new trial that the verdict is against the weight of evidence and contrary to justice and equity. Succinctly, the premise that the general grounds raise only one question for this court—was there any evidence to support the verdict, has no added connotation that the general grounds, either collectively or individually, do not also pose that singular question in the trial court. Indeed, the converse is true where the trial judge denies a motion for new trial based on the ground that it was against the weight of the evidence. The distinction exists because the complaint that a verdict is against the weight of the evidence is broader than and in fact encompasses an assignment that the verdict is contrary to law. In order to make the crucial determination that a new trial should not be granted the trial judge must find, in his discretion, there is ample or at least substantial evidence supporting the verdict. He ascertains there is *some* evidence which is not so overborne by other evidence as to require a different result. Davis & Shulman, Georgia Practice and Procedure (3d Ed.) § 22-4, p. 262. *Seaboard A. L. R. Co. v. Benton,* 43 Ga. App. 495, 505 (159 SE 717), and *Pierson v. M. & M. Bus Co.,* 74 Ga. App. 537, 540 (40 SE2d 561).

When the trial judge in this case denied the motion for new trial he found that the verdict was not against the weight of the evidence and therefore, of necessity, there was evidence to support the verdict. That determination being unexcepted to, the law of the case was established and this court could not find on motion for judgment n.o.v. that there was no evidence to support the ver-

dict or that the evidence demanded a verdict for the movant. The motion for rehearing is denied.

*Judgment adhered to. Bell, C. J., and Whitman, J., concur.*