## 46722.   MOSS v. STROTHER FORD, INC. et al.

JORDAN, Presiding Judge. 1. The appellees, Strother Ford et al., move to dismiss the appeal for late filing. Moss, the appellant, plaintiff in the lower court, filed his notice of appeal on July 23, 1971, from a final judgment of May 13, 1971. The record further discloses, however, that he filed a motion in the lower court on May 24, 1971, which he denominated as one to set aside the judgment, which the trial judge overruled on July 12, 1971. From a procedural standpoint this motion would qualify as a motion in arrest of judgment under former *Code* § 110-703 (superseded by the Civil Practice Act), a motion in arrest being distinguished from a motion to set aside only in that the former must be filed during the same term, as was here done. From a substantive standpoint the original motion, as well as an amendment thereto, includes grounds appropriate to a motion for a new trial. One of the grounds of the original motion asserts that there were material issues of fact for jury consideration, and the amendment asserts error in directing a verdict. Ordinarily, substance should prevail over form. If the motion

is one in arrest of judgment or for new trial, both or either, the time for filing a notice of appeal is fixed as 30 days after entry of the order finally disposing of the motion. Section 5, Appellate Practice Act; *Code Ann.* § 6-803 (a). Under the circumstance here shown the ruling on the motion fixed the time for appeal, the appeal is timely, and the motion to dismiss is denied.

2. Error not being asserted on the ruling on the motion, however, it is the law of the case as to matters embraced therein, and precludes further consideration on appeal of issues covered by the ruling. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281); *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Burnet v. Bazemore,* 122 Ga. App. 73 (176 SE2d 184); *Fryer v. State,* 124 Ga. App. 312 (183 SE2d 616). The only errors asserted in the present appeal come within the ruling on the motion.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs specially.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 21, 1972.

G. *Fred Bostick,* for appellant.

*Edwards, Bentley, Awtrey & Parker, A. Sidney Parker, Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, David A. Handley,* for appellees.

EVANS, Judge, concurring specially. The notice of appeal shows clearly that it was filed more than 30 days after the judgment appellant seeks to appeal. While the rationale of the majority may be correct in determining that the instrument filed on May 24, 1971, amounts to a motion for new trial, I would rather not concur with this ruling and thereby establish a precedent as to the facts therein set out. Since the result is the same whether the appeal is dismissed, or affirmed under the ruling of *Hill v. Willis,* 224 Ga. 263, supra, I therefore concur in the judgment only.