JAMES C. HERRING, plaintiff in error, vs. SAULSBURY, RESPESS & COMPANY, defendants in error.

Where the defendant contests the execution based on the foreclosure of a factor's lien, a forthcoming bond is unnecessary unless he desires to replevy the property levied on.

Factors' lien. Bond. Before Judge HILL. Twiggs Superior Court. April Term, 1874.

For the facts of this case, see the decision.

J. D. JONES, by Z. D. HARRISON, for plaintiff in error.

E. F. BEST, for the defendants.

WARNER, Chief Justice.

This was a proceeding to foreclose a lien on personal property, as provided by the 1991st section of the Code. The defendant filed an affidavit, alleging that the execution which had been levied on his property was proceeding illegally, because it was not stated in the affidavit foreclosing the lien that the same was made within one year after it became due; that certain described property, which had been levied on, was not subject to levy in such a proceeding to enforce a factor's lien; that $40 00 claimed therein as counsel fees cannot be collected in this manner by the enforcement of a factor's lien. When the case came on for trial the counsel for plaintiff made a motion to dismiss the defendant's affidavit on the ground

that no forthcoming bond had been taken in the case by the sheriff, which motion the court sustained, and dismissed the defendant's affidavit, whereupon the defendant excepted. The fourth paragraph of the section of the Code before cited, declares that if the defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes. The sixth paragraph declares that the defendant *may* replevy the property by giving bond and security in double the amount claimed, for the payment of the eventual condemnation money. In this class of cases the law does not require the defendant to give a forthcoming bond to the sheriff, but if he desires to replevy the property levied on, he must give bond and security for the payment of the eventual condemnation money. The defendant may, or may not replevy the property levied on, at his option, but whether he does so or not, he is entitled to contest the plaintiff's claim and lien on the grounds stated in his affidavit, provided the same are sufficient in law for that purpose. The only question decided in this case was, that the defendant had no standing in court because he had not given a forthcoming bond to the sheriff, and dismissed his affidavit. This decision of the court was error.

Let the judgment of the court below be reversed.