Tarver *et al. vs.* Tarver.

WILLIAM B. TARVER *et al.*, plaintiffs in error, *vs.* HARRIET M. TARVER, for use, etc., defendant in error.

1. Under sections 3664 and 3672 of the Code, it is not necessary for the defendant in execution, who files an affidavit of illegality, to give a bond for the forthcoming of the property levied on, unless he "desires to take or keep possession of such property," nor is he required by law to pay the costs due on the *fi. fa.* before his affidavit can be received.

2. By the act of 24th February, 1873, Code, section 1989, attorneys at law have the same right and power over judgments and executions to enforce their liens as their clients have, for the amount due thereon to them, "and no person can satisfy such judgment or execution until the lien or claim of the attorney is satisfied."

3. When the amount due on the execution is sufficient to discharge the claim or lien of an attorney, and he is proceeding to enforce the same by levy, the defendant cannot arrest it by illegality on the ground that the plaintiff in the judgment has agreed for value to give indulgence, or by setting up that the claim of the attorney has been paid, and that he has no lien, unless such payment has been made by the defendant.

Illegality. Bond. Costs. Attorneys. Lien. Before Judge HILL. Twiggs Superior Court. April Term, 1874.

At the April term, 1873, of Twiggs superior court, Harriet M. Tarver obtained a decree in equity against William B. Tarver and Benjamin M. Tarver for $52,500 00 principal, $36,750 00 interest, and $16 50 costs, to be levied of certain property charged by the will of Hartwell H. Tarver with the support and maintenance of said Harriet M. On the execution based on this decree the solicitors for the complainant made the following indorsement:

"The sheriff of Twiggs county, or his deputy, will levy this *fi. fa.* upon the property set forth and described herein,

to make the sum of $5,016 50, the amount due us for fees and costs, and advertise and sell the same on. first Tuesday in January, 1874. December 4th, 1873.

(Signed) " Whittle & Gustin,

"Lanier & Anderson,

" Plaintiff's Attorneys."

On December 5th, 1873, a levy was made in accordance with this direction. An affidavit of illegality was filed by the defendants, setting up the following grounds :

1st. That the complainant, Harriet M. Tarver, on or about the 5th of October last, for a valuable consideration, agreed to suspend the collection of any part of said execution until December 25th, 1874.

2d. That said solicitors have been fully paid for their services, and are entitled to nothing as fees on said claim, nor have they any lien on such *fi. fa.* for said fees.

Upon the trial of the issue thus formed, a motion was made to dismiss said affidavit of illegality, upon the ground that no forthcoming bond had been given by the defendants, and because the costs due on the execution had not been paid before the filing of such affidavit.

The levy was made upon several large tracts of land, and upon a large amount of personalty. Whether the property remained in possession of the defendants or not, does not appear.

The motion was sustained, and defendants excepted.

J. D. Jones, by Z. D. Harrison ; Lyon & Jackson, for plaintiffs in error.

Whittle & Gustin ; Lanier & Anderson, for defendant.

Trippe, Judge.

1. Section 3672 of the Code provides that where an "affidavit of illegality is filed, and the party filing it desires to take or keep possession of the property (personal) he shall deliver

Tarver *et al. vs.* Tarver.

to the sheriff or other levying officer a bond," etc. This is the forthcoming bond, and is to be given when the affiant "desires to take or keep possession of the property." It does not appear in this case what was done with the property, whether the defendants in execution kept possession or not. It was the duty of the sheriff, if no bond was given, to take and keep possession of the personal property. It is only when personal property is levied on and the possession is kept by the defendant, that a forthcoming bond is required. Section 3664 says a forthcoming bond shall be delivered "as provided by this Code," and afterwards comes the provisions of section 3672, as quoted. Nor is the defendant required by law to pay the cost before his affidavit can be received. The affidavit may deny that the cost is due as well as any other part of the judgment or *fi. fa.* The old rule of court requiring the cost to be paid even in cases of injunction, does not now exist, and the matter is in the discretion of the chancellor, as well as the other terms on which the injunction may be granted: Rules in equity No. 1, and section 3150, Irwin's Revised Code, in connection with section 3212, New Code. Even if the defendant denies only a portion of the execution, and admits a balance to be due, his affidavit may be accepted as to the part so denied, and the balance is to be paid or the *sheriff proceed to raise it:* 30th Rule. We, therefore, are of opinion that though the judgment of the court was right in dismissing the affidavit of illegality, it was so for other reasons than those given.

2. The act of 24th February, 1873, (Code, section 1989,) enacts that attorneys at law have the same right and power over judgments and executions to enforce their liens as their clients have, for the amount due thereon to them, "and no person can satisfy such judgment or execution until the lien or claim of the attorney is satisfied."

3. This being so, if the amount due on the execution is sufficient to discharge the claim or lien of an attorney, and he is proceeding to enforce the same by levy, the defendant cannot arrest it by illegality on the ground that the plaintiff in

Tarver *et al. vs.* Tarver.

the judgment has agreed, for value, to give indulgence, or by setting up that the claim of the attorney has been paid, and that he has no lien. If the defendant alleges that he has himself paid and discharged the lien, the case might be different; and also if there was a fraudulent collusion between the plaintiff and his attorney. But, generally, the question whether the attorney has a lien, or whether he has been paid, is a matter between the attorney and his client, the plaintiff, unless in a case where the defendant has paid such a portion of the execution that the balance due is not sufficient to pay the attorney's claim. In a case of that sort, it might be a question solely affecting the defendant, whether or not the attorney had a lien, or had been paid his claim. But this case cannot be controlled by such a fact. A much greater amount is due on the execution than is claimed by the attorneys. In *Chambers vs. McDowell*, 4 *Georgia*, 185, it was held that if a plaintiff in execution agrees with the defendant never to enforce his judgment, it operates as a discharge of the judgment. But if he covenants not to enforce it within a limited time, such covenant does not operate as a release of his right to levy within that time. He may levy his execution, and the defendant is left to his action for a breach of the agreement. This decision undoubtedly rests on high authority, and was doubtless a correct one. Whether it is affected by section 2879 of the Code, we do not decide. The point was merely suggested at the conclusion of the argument, and was not discussed. For myself, individually, I will say that I am inclined to think that the section does not alter the rule or change the law upon this point. For the reasons given, the judgment of the court below is affirmed.

Judgment affirmed.