Wynn *vs.* Knight.

---

JOSEPH B. WYNN, plaintiff in error, *vs.* N. D. KNIGHT, defendant in error.

1. That the defendant in execution failed to replevy the property levied on by giving a forthcoming bond, was no ground to dismiss his affidavit of illegality.

Wynn *vs.* Knight.

2. When a question of fact is involved in the judgment of a justice of the peace, and the amount in controversy exceeds $50 00, the proper mode of having his decision reviewed is by appeal.   If questions of law are alone involved, the remedy is by *certiorari.*

Illegality.   Appeal.   *Certiorari.*   Justice Court.   Before Judge BUCHANAN.   Troup Superior Court.   May Term, 1874.

For the facts of this case, see the decision.

C. W. MABRY, for plaintiff in error.

F. S. LOFTIN ; J. S. WALKER, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from a justice's court.   On the hearing of the *certiorari* the court dismissed it on the ground that the amount in controversy was more than $50 00, and that questions of fact were involved in the judgment of the justice's court.   Whereupon the plaintiff in *certiorari* excepted.

1. One of the errors complained of in the *certiorari* is, that the justice's court dismissed the affidavit of illegality because there was no forthcoming bond given by the defendant.   In *Herring vs. Saulsbury, Respess & Company,* 52 *Georgia,* 396, we held that a defendant, when he made an affidavit of illegality to an execution which had been levied on his property, *might* replevy it by giving bond and security for its forthcoming, but was not bound to do so, and that the failure to give such bond was not a good legal ground to dismiss the affidavit of illegality.   This was the error of law complained of, and we think it was an error of law for the justice to have dismissed the defendant's affidavit of illegality because there was no forthcoming bond given.

2. But there were questions of fact involved in the judgment of the justice, as well as the question of law complained of, and when that is the case, and the amount involved is more than $50 00, the remedy is by an appeal to the supreme

court, and not by *certiorari*. If the only question involved is a question of law which must necessarily control the case, then a proper remedy is by *certiorari*. We find no error in the judgment of the court in dismissing the *certiorari* for the reason given, or as to the merits of the case upon the facts as disclosed by the return of the justice. In any view of the case, notwithstanding the justices erred in dismissing the defendant's affidavit of illegality for the reason given, their judgment was right upon the facts before them, and the *certiorari* was properly dismissed.

Let the judgment of the court below be affirmed.