## CRAYTON *et al. v.* FOX.

1. It is not essential to the maintenance of an affidavit of illegality interposed to a common law execution levied on personalty, that a forthcoming bond for the production of the property levied on should be given. Such bond need be given only when defendant in execution desires to take possession of the property.
2. Accordingly, when such an illegality came on to be heard, it was error for the court to dismiss the affidavit "because there was no forthcoming bond filed with the levying officer and returned by said officer with said affidavit"; unquestionably so, where the affiants offered at the time to submit proof to the effect that the property levied on had not been replevied by them, but was still in the custody of the officer.

Submitted April 13,—Decided May 5, 1897.

Affidavit of illegality. Before Judge Reese. Hancock superior court. February term, 1896.

An execution from the county court in favor of Fox *v.* Crayton et al. was levied on certain horses, and defendants interposed an affidavit of illegality. The case went by appeal to the superior court, where, upon the call of the

same, plaintiff's counsel moved to dismiss the illegality, "because there was no forthcoming bond filed with the levying officer and returned by said officer with said affidavit." Defendants offered to prove by the levying officer that the property levied on was not replevied by defendants, but was still in the custody of said officer. The court refused to allow this, and sustained the motion to dismiss.

*W. H. Burwell, Lewis & Moore* and *J. A. Harley,* for plaintiffs in error.

LITTLE, Justice.

As will be seen from the statement of the case, the court below dismissed the affidavit of illegality, because there was no forthcoming bond filed with the levying officer at the time of the interposition of the affidavit. The judgment upon which the execution issued was a common law judgment rendered in the county court. The execution was levied on personal property. The judge below undoubtedly founded his decision on section 4736 of the Civil Code, which, in providing for the remedy by illegality, declares, that bond with good security for the forthcoming of such property, as provided by this Code, shall be delivered to the sheriff. We do not construe this section to mean that in all cases where an affidavit of illegality is filed, the execution and delivery of a forthcoming bond is a condition precedent to the interposition of the affidavit. There are some cases where this must be done, but then it is expressly so provided by statute. For example, section 2766 of the Civil Code, making the giving of a bond, or in lieu thereof the affidavit prescribed, a condition precedent to the return of the papers to court for trial under an affidavit of illegality, applies exclusively to levies under mortgage foreclosures, and is not applicable to common law executions. Under the provisions of section 4736 of the Civil Code, heretofore referred to, it is not contemplated that the giving of a bond and security, except in those cases ex-

pressly provided by statute, shall be a condition precedent to the interposition of an affidavit of illegality; for by section 5435 of the Civil Code it is provided, that where an illegality is filed to an execution levied on personal property, and the party filing such illegality desires to take or keep possession of such property, he shall deliver to the sheriff a bond conditioned for the delivery of such property at the time and place of sale, etc. Under this section, it is optional with the party filing the illegality to give the forthcoming bond. If he desires to take or keep possession of the property, then he must give the bond. If, however, he does not desire to take or keep possession of it, he need not give the forthcoming bond; and whether he does or does not retain the property, in no way affects his right to have the questions made in the affidavit of illegality properly adjudicated. Such is the ruling of this court in the cases of *Herring* v. *Saulsbury, Respess & Co.*, 52 *Ga.* 396, and *Wynn* v. *Knight*, 53 *Ga.* 568; and in the case of *McCulloch* v. *Good, Small & Co.*, 63 *Ga.* 519, Justice Bleckley, delivering the opinion of the court, says: "There is a general system for attacking the legality of 'an execution' which has been levied upon property, and a part of that system is that the defendant may or may not resume possession of the property, at his option. He may either leave the property with the levying officer, or give bond with good security for its forthcoming, and keep it himself pending the proceedings upon his affidavit of illegality."

We therefore rule that the dismissal by the court of the affidavit of illegality, because there was no forthcoming bond filed with the levying officer at the time of the interposition of the affidavit, was error.

*Judgment reversed. All the Justices concurring.*