9645. LANE v. JOHNSON.

Where on the levy of an execution an affidavit of illegality is made and the levying officer takes only a forthcoming bond, a summary judgment can not, as in cases of replevy bonds, be entered against the surety on the trial of the issue raised by the affidavit of illegality.

> DECIDED OCTOBER 22, 1918.

Affidavit of illegality; from Jenkins superior court—Judge Henry C. Hammond. March 12, 1918.

William Woodrum, for plaintiff in error.

Thomas L. Hill, contra.

BLOODWORTH, J. An execution in favor of K. B. Johnson against Barney Kelsey and B. Z. Lane Jr. was levied on certain real estate as the property of Lane, who thereupon filed an affidavit of illegality, in which he alleged that the execution was proceeding

against him illegally for the following reasons: "Because J. N. Cole, a constable of said county levied an execution in favor of K. B. Johnson against Barney Kelsey on certain property as the property of Barney Kelsey and took from said Barney Kelsey a bond for the forthcoming of said property at the time and place of sale with affiant as security. Said cause was appealed to the superior court of said county and defendant did not appear, and K. B. Johnson took a verdict for $35 principal and $9.50 interest to judgment, and on said verdict entered a judgment against Barney H. Kelsey, principal, and affiant as security on said bond. Because plaintiff had no legal right to enter a judgment against affiant on a forthcoming bond, but on the contrary must sue on said bond, show that the property has been legally advertised, and that there has been a breach of the bond by a failure to produce the same. Because defendant has never had his day in court, was never served with any process or other notice of the pendency of a suit on said bond on which said execution is based, nor did he waive service, nor did he authorize any one else to do so for him, nor did he appear and defend or answer said suit. Because the record shows that the bond given by this affiant was a forthcoming bond, and that judgment was taken against affiant without suit, as is done in cases of replevy bonds." A motion to dismiss the affidavit of illegality was sustained, and exceptions were taken.

Section 6040 of the Civil Code (1910) is as follows: "When an execution shall be levied on personal property, and an illegality filed thereto as provided by this Code, and the party filing such illegality desires to take or keep possession of such property, he shall deliver to the sheriff, or other levying officer, a bond payable to the levying officer, with good security, in a sum equal to double the value of the property so levied upon, to be judged of by the levying officer, conditioned for the delivery of the property levied upon at the time and place of sale, in the event that such illegality shall be dismissed by the court or withdrawn, which bond shall be recoverable in any court having cognizance thereof." It will thus be seen that when an affidavit of illegality is filed, no bond is required, unless the defendant wishes to take or keep possession of the property. *Herring* v. *Saulsbury*, 52 *Ga.* 396; *Tarver* v. *Tarver*, 53 *Ga.* 43; *Crayton* v. *Fox*, 100 *Ga.* 781 (28 S. E. 510). Where a bond is given for the forthcoming of personalty, there is no

breach of the bond until there is a failure to comply with its terms and to deliver the property at the time and place of sale. It will thus be seen that the provisions of the law in reference to recovering judgments on forthcoming bonds are entirely different from cases of appeals and counter-affidavits to distress warrants where the bonds are given for the "eventual condemnation money," and which cases counsel for defendant in error seeks to analogize to the present case. "If upon the levy of a distress warrant one becomes a surety upon a replevy bond given by the defendant, in the trial of an issue joined on the affidavit to obtain such warrant a judgment may be entered up against the surety without notice to him; but where the levying officer, instead of taking a replevy bond in terms of the statute, conditioned for the payment of the eventual condemnation-money, takes a forthcoming bond, a summary judgment can not, as in cases of replevy bonds, be entered up against the surety. If in such a case a judgment is entered in a summary way against the surety as if upon a replevy bond, he may, upon the levy of the execution against him, by affidavit of illegality, make the question that he had not signed such a replevy bond and that for this reason the judgment against him was unauthorized." *Philman* v. *Marshall, 103 Ga. 82 (29 S. E. 598).* "Neither in attachment nor in distress for rent can judgment, on mere motion, or on the trial of the main case, be rendered in favor of the plaintiff against the sureties upon a bond conditioned alone for the forthcoming of the property levied upon. In either proceeding the replevy bond prescribed by statute is for the payment of the recovery, not for the production of the property. Code, §§ 3319, 4083" (Civil Code of 1910, §§ 5113, 5391). *Clary* v. *Haines, 61 Ga. 520 (1). McCulloch* v. *Good, 63 Ga. 519 (1),* 520, 521.

As the affidavit of illegality in the instant case alleges that the bond given was a forthcoming bond, and that there was no suit thereon, but that judgment was taken "as is done in cases of replevy bonds," and that the defendant has not had his day in court, the trial court erred in dismissing the affidavit of illegality.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*