32993.   MARTIN *v*. MEDLIN.

Decided May 19, 1950.

604

*James G. Lamar, John Kirby, Robert Cagle,* for plaintiff.
*Victor K. Meador,* for defendant.

FELTON, J. (a) In a rental contract between landlord and tenant, a covenant is raised, by implication of law in the absence of express covenants in reference thereto, that the tenant will so use the rented property that no unnecessary or substantial injury shall be done to it. 51 C.J.S. § 261, p. 902; 32 Am. Jur., § 779, p. 665; 18 Am. & Eng. Enc. of Law, p. 246; 4 Thompson on Real Property, p. 108, § 1610. "Independently of covenant, a tenant is required to return the premises at the end of the term in substantially the same condition as when received, subject to reasonable use." 51 C.J.S. § 408, p. 1156. See also: Carlin *v.* Ritter, 68 Md. 478 (13 Atl. 370); Delano *v.* Smith, 206 Mass. 370 (92 N. E. 500); 32 Am. Jur. § 802, p. 684; 64 L.R.A. 649; 4 Thompson on Real Property, p. 116, § 1614. The above stated principles of law are covered in Georgia by Code § 61-109, as follows: "The tenant has no right beyond the use of the land and tenements rented to him and such privileges as are necessary to the enjoyment of his use. He may not cut or destroy growing trees, remove permanent fixtures, or otherwise injure the property. He may use other timber for firewood and the pasturage for his cattle." Though we could find no case in Georgia which involved this principle of law, and whose facts were closely analogous to those in the instant case, the general law applicable in Georgia on the subject was recognized by the court in *American Grecian Turpentine Corp.* v. *Harper,* 29 *Ga. App.* 101 (2) (114 S. E. 224), as being that "a tenant is under

a duty to exercise ordinary care and diligence to prevent damage to the rented premises, and such duty is by implication a part of the lease contract." In view of this, the plaintiff's petition stated a good cause of action for damage to the rented premises as against a general demurrer. It alleges substantial damage to the premises due to improper use and negligent repairs.

(b) The plaintiff seeks as one element of her damages the breach of an express covenant to keep the premises in necessary repair. It is not clear from the allegations whether she seeks damages for the alleged injury to the premises because of such breach, or seeks to recover as damages the money deducted from the rent for the purpose of making necessary repairs but never used for such. However, we are not concerned with that question as the sole question for determination before the court now is the sufficiency of the petition as against a general demurrer.

(c) The petition alleges injury to the value of the premises due to the alleged use of the premises by the defendant as a "house of assignation." "In absence of express covenants to the contrary, there is in every lease an implied obligation on the part of the lessee to use the property lawfully and for lawful purposes." 51 C.J.S. p. 1021, § 335. The maintenance of a lewd house is unlawful. Code, § 26-6102. Unless covenanted otherwise, a tenant has no right to use the rented premises for a purpose not contemplated by the parties, and materially different from the use of which the premises were apparently intended. *Asa G. Candler Inc.* v. *Ga. Theater Co.*, 148 *Ga.* 188 (96 S. E. 226). The plaintiff alleged that the purpose for which the premises were rented was use as a one-family domicile, and if the defendant did in fact convert the premises into a house of assignation and by reason thereof injured the value of the property, she would be liable for any injury occasioned by her breach of the implied covenant to use the premises lawfully.

The court erred in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*