## 44062. COMPLETE AAA MANUFACTURING CORPORATION v. CITIZENS SOUTHERN NATIONAL BANK.

WHITMAN, Judge. This case arises out of a foreclosure proceeding on a conditional-sale contract executed in the purchase of a pick-up truck. The plaintiff, C. & S. National Bank, is the assignee of the contract. The defendant filed its counter-affidavit to the foreclosure, averring that the plaintiff had released its lien of the subject vehicle and a trial was had on the issue thereby formed.

At the trial, the execution of the contract for and on behalf of the defendant was acknowledged. The defendant also acknowledged that no payments had been made as called for under the contract. In support of the contention in its counter-affidavit defendant had admitted into evidence the "Certificate of Title" covering the subject vehicle which showed on its reverse side that the plaintiff had executed a "Release of Lien or Security Interest" in the vehicle.

The plaintiff acknowledged the "release" but introduced evidence to show that the vehicle was at the time believed to have been stolen; that the "release" was forwarded to defendant for its use in connection with the proof of loss form required of defendant by the insurance company; and that it was understood between the parties that the release would not be effective until payment for the vehicle had been received by the plaintiff. It was then discovered that the vehicle had not been stolen.

The trial court heard the matter tried without the intervention of a jury and entered judgment for the plaintiff. Defendant appeals from an order overruling its motion for new trial as amended and enumerates several matters as error. *Held:*

1. The fundamental issue made by the foreclosure proceeding, together with the counter-affidavit thereto, was lien or no lien. It was not contended at the trial that no lien was created by the contract. It was contended only that the lien was waived or released.

A lien may be waived by an express agreement based on a valuable consideration. 53 CJS 862, Liens, § 17 (b). Here the evidence showed that the document relied on as a release was executed and placed in defendant's possession for a special purpose only, which did not occur, to be effective as a release of the lien only in the event that payment for the vehicle was forthcoming, which contingency did not occur. This evidence, although parol to the document, was properly before the court and shows the release upon which defendant relies to be wholly without consideration and of no effect. See *Herrington v. Herrington,* 70 Ga. App. 768, 772 (29 SE2d 516). The trial court's action in finding a lien and in entering judgment for the plaintiff for the amount of the debt was supported by the evidence. There was no error in overruling the defendant's motion for new trial on the general grounds.

2. One special ground of the motion for new trial was that the conditional-sale contract showed on its face that it was not the undertaking of the defendant corporation, i.e., the contract was signed by one Ward Segerstrom in his individual capacity and not in his capacity as an officer of the corporation. The contract shows it was signed as defendant contends. The contract is also one made under seal.

However, according to the brief of evidence stipulated by both parties, the defendant, through the testimony of its president, T. L. Sexton, acknowledged that Segerstrom was an officer of the defendant corporation at the time of the sale; that he was authorized to contract for the corporation; and that the debt evidenced by the conditional-sale contract was a corporate one when executed. Cf. *Maxwell v. Tucker,* 118 Ga. App. 695 (2) (165 SE2d 459).

The general rule with regard to sealed instruments is that no one can sue or be sued who does not appear on the face of the

instrument to be a party to it. See *Hollingsworth v. Ga. Fruit Growers, Inc.*, 185 Ga. 873 (196 SE 766). But in this case the defendant's interest as "buyer" is disclosed, plainly so, on the face of the contract. This, together with defendant's admissions that the debt was a corporate one, authorized the verdict. Furthermore, the issue raised by this special ground, not being asserted at the trial, can not now be asserted as a basis for reversal. *Gordon v. Commercial Auto Loan Corp.*, 85 Ga. App. 808, 811 (70 SE2d 406).

3. Another special ground of the motion for new trial was that the court erred in rendering its judgment against defendant *and W. Neil Hill, as surety.* The latter person had signed as surety on a forthcoming bond executed by defendant when the pick-up truck was levied upon. Hill was not a party to this case nor could a judgment be had against him in this case on the forthcoming bond. *Lane v. Johnson*, 22 Ga. App. 740 (97 SE 254); *Fennell v. Davis*, 34 Ga. App. 548 (130 SE 595). Even if there were error in the judgment in this case against Hill, the surety, it has not been shown to be harmful to defendant. Defendant can not attack the judgment on behalf of another not a party to the case. *Dye v. Hirsch*, 92 Ga. App. 803, 808 (90 SE2d 332).

4. Defendant's last enumeration of error is that the award of attorney's fees was not authorized. The evidence shows that a demand for payment was made in accordance with the terms of the contract. The contract also provides for the payment of all costs of collection, including attorney's fees, if collection by law is required. Notice of intention to assert defendant's liability for attorney's fees if the debt was not paid within ten days was given in accordance with *Code Ann.* § 20-506.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 7, 1968—DECIDED MARCH 13, 1969—REHEARING DENIED MARCH 26, 1969—

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Alston, Miller & Gaines, Oscar N. Persons,* for appellee.