72200. HENDERSON et al. v. EASTERS et al.
(345 SE2d 42)

DEEN, Presiding Judge.

On April 21, 1983, appellants, husband and wife, contracted for the purchase of a 63-acre tract of land including a dwelling house and farm equipment, as well as timber and farmland. A form contract,

captioned "Contract for Sale of Realty" and furnished by the sellers, appellees here, was used. The contract provided, *inter alia*, that appellants were to have immediate possession of the house and land; that they were to pay a prorated share of the 1983 taxes and all taxes thereafter; that they were to make a down payment of $2,000 simultaneously with execution of the contract, which sum would be credited towards the purchase price of $258,400, plus, for one year only, a monthly payment of $600 which would *not* be credited towards the purchase price; that at the end of one year they were to pay a lump sum of $41,000 plus interest at 11% ($4,510); and were to make installment payments on each succeeding April 21 (that is, beginning in 1985) until all the indebtedness was paid. The contract further provided that in case of default, appellants were to return the property, including the house and equipment, in substantially the same condition as when they moved in.

The contract recited certain events that were to occur contingent upon, or simultaneously with, "the consummation of the sale" — most notably, the delivery of a warranty deed by the seller to the purchaser. According to the record, however, no further documents were ever executed, and no warranty deed was ever furnished; likewise, the record is devoid of any deed to secure debt or other document securing the property. The contract recited no date for consummation of the sale and contained no statement that time was of the essence. The contract further recited that the purchasers would not have the use of the land for agricultural purposes until after the currently planted crops had been harvested, but was silent as to the sizable tract of timber comprised in the total acreage. Apparently, it was the parties' intent that the contract remain executory until some future date upon which performance would occur.

A few months after execution of this contract, appellees learned that appellants had cut and sold a quantity of timber. Their attorney contacted appellants about the matter on October 13, 1983, but they apparently received no satisfaction. Ultimately, appellants vacated the land as of April 20, 1984, having tendered no payments other than the $2,000 down payment and the $600 per month. Appellees then filed a complaint seeking an interlocutory injunction (which the court granted and subsequently extended), and further seeking as damages the value of the timber cut. In October 1984, just prior to trial, appellees sought leave of court to amend the complaint to include a count asking for the $4,510 in interest which under the contract would have accrued between April 21, 1983, and April 20, 1984.

The court sitting without a jury made findings of fact as follows, in pertinent part:

(1) the value of the timber cut and sold was $4,336.33; the cost of replanting the denuded acreage was $2,400; the cost of grinding the

stumps was $1,350;

(2) the cost of repairing damages to the dwelling totaled $825 for materials and labor;

(3) the prorated share of the 1983 and 1984 taxes left unpaid by appellants was $848.97;

(4) accrued interest for the twelve months ending April 21, 1984, on the $41,000 due on that date was $4,510. The court concluded that appellants had breached the contract and awarded appellees damages totaling $14,370, less the $2,000 down payment, for a total award of $12,370 plus court costs.

The Hendersons appeal, enumerating as error the entry of an order in the amount of $12,370; the finding for appellees in the face of an alleged insufficiency of evidence; the court's permitting amendment of the complaint after entry of a pretrial order and the consequent inclusion of interest in the judgment; and the award of the cost of replacing the timber and grinding the stumps in addition to the market value of the timber. *Held*:

1. In their first and fourth enumerations, appellants object to the court's entry of judgment in the amount of $12,370.30 and to the inclusion of not only the market value of the timber ($4,336.33) but also the cost of grinding stumps and replanting ($3,750). Further, they point to an error in the trial court's computation which made the final figure (including the allegedly erroneous $3,750) $12,370.30 rather than $12,270.30, which they contend is the mathematically correct total of the court's figures.

We agree with appellant on both these points. $12,270.30 is the correct total for the figures used by the court; however, inclusion of both the timber's market value and the cost of clearing the land of stumps and replanting it constitutes a double recovery.

The measure of damages is set forth in OCGA § 51-12-50, as follows: "Except as provided in Code Section 51-12-51, where plaintiff recovers for timber cut and carried away, the measure of damage: (1) Where defendant is a wilful trespasser, is the full value of the property [i.e., the timber] at the time and place of demand or when an action is brought without deduction for . . . labor or expense; (2) Where defendant is an unintentional trespasser . . . , the value at the time of conversion less the value he . . . added to the property."

The status of the title is not at issue here, and if it were, we would lack jurisdiction to rule on it. Const. of Ga., Art. VI, Sec. VI, Par. III (1). Examination of the record suggests, however, that (under documents which most nearly resemble a lease-purchase contract) appellant would have, at best, equitable title. When reduced to its bare legal bones, the relationship between the parties is actually that of landlord and tenant. OCGA § 44-7-1; *Carruth v. Carruth*, 77 Ga. App. 131 (48 SE2d 387) (1948); see also *May v. May*, 165 Ga. App. 461 (300

SE2d 215) (1983). "The tenant has no rights beyond the use of the land and tenements rented to him and such privileges as are necessary for the enjoyment of his use. He may not cut or destroy growing trees, remove permanent fixtures, or otherwise injure the property. He may use dead or fallen timber for firewood and the pasturage for his cattle." OCGA § 44-7-11; see *Martin v. Medlin*, 81 Ga. App. 602 (59 SE2d 519) (1950). The tenant who exceeds his rights becomes a trespasser, and an action in trover, such as was brought in the instant case, will lie against him. *Folds v. Reese*, 140 Ga. App. 291 (231 SE2d 808) (1976). The provisions of OCGA § 51-12-50, supra, thus become applicable.

The plaintiff is not required to allege whether the trespass was wilful or not; and if he alleges that it was wilful and it develops that it was inadvertent or in good faith, he can nevertheless recover, though in a lesser amount. OCGA § 51-12-50 (2); *Taylor v. Hammack*, 61 Ga. App. 640 (7 SE2d 200) (1940). The burden of showing good faith, once the taking has been established, is the defendant's — here, the appellants'. Id.; *West Lumber Co. v. Castleberry*, 76 Ga. App. 9 (45 SE2d 67) (1947). See also OCGA § 51-12-51. Even the innocent trespasser is liable for the stumpage value of timber unlawfully cut and removed. *Pickron v. Garrett*, 73 Ga. App. 61 (35 SE2d 540) (1945). The question of the wilfulness *vel non* of the trespass is ordinarily one for the finder of fact. *Tennessee, A. & G. R. v. Zugar*, 198 Ga. 386 (18 SE2d 758) (1942); *West Lumber Co. v. Castleberry*, supra. In the instant case appellant apparently did not make the required showing of good faith, and the trial court found, on the basis of evidence of record, that the full measure of damages was appropriate. Under the "any evidence" standard, we are bound by that factual finding. *Royal Globe Ins. Co. v. Hartford Ins. Co.*, 175 Ga. App. 95 (332 SE2d 387) (1985).

2. In their third and fifth enumerations, appellants contend that the court erred in permitting amendment of the complaint so as to seek inclusion of the $4,510 in accrued interest, after entry of the pretrial order. It is well settled that the pleadings may be amended by leave of court after entry of the pretrial order, and that "[l]eave shall be freely given when justice so requires." OCGA § 9-11-15 (a). Not only is the right of amendment very broad, but so is the court's discretion in this regard, and its determination will not be disturbed absent abuse.[1] *Walker v. Sheehan*, 80 Ga. App. 606 (56 SE2d 628)

---

[1] No amendment to the pleadings appears in the record, and the Clerk of the Lowndes County Superior Court, in response to our inquiry, stated that such was not to be found in the files. Because the court obviously gave consideration to the prayer for interest and actually granted it, we must presume that such an amendment was properly brought before the trial court.

(1949). Under the unambiguous terms of the contract, the $4,510 in accrued interest was owed to plaintiff/appellees, and the trial court did not err in including this amount in the judgment.

3. In addition to tort damages equal to the value of the unlawfully cut timber, supra, appellees were also entitled to contract damages in several items, to wit: $825 for the cost of repairing damages to the dwelling; $848.97 for unpaid taxes for 1983 and 1984; accrued interest to April 21, 1984, in the amount of $4,510; and forfeiture of the $2,000 in earnest money for failure to consummate the purchase. Thus appellees were entitled to contract damages totaling $8,183.97 plus tort damages in the amount of $4,336.33, for a grand total of $12,520.30. With credit to appellants for the forfeited $2,000 earnest money paid previously, appellees were entitled to collect $10,520.30 in damages.

4. In light of the above, we hold that appellants' second enumeration, challenging the sufficiency of the evidence, is without merit.

5. Appellees have filed motions for assessment of damages for filing a frivolous appeal, and for appellants to be required to post a supersedeas bond in an amount sufficient for satisfaction of the judgment and any costs resulting from the modifications sought. We hereby deny these motions, since the judgment was technically incorrect.

*Judgment affirmed with direction. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 30, 1986.

*Ben B. Mills, Jr.,* for appellants.
*William P. Langdale, Jr.,* for appellees.