### 73074. DANIELS v. McRAE et al.
(350 SE2d 317)

BIRDSONG, Presiding Judge.

Sandra B. Daniels, plaintiff below in a medical malpractice action against Duncan McRae, a physician, and the Telfair County Hospital Authority, brings this appeal from (1) the order of dismissal of her

complaint imposed as a sanction for failure to comply with the trial court's order to answer interrogatories timely, and (2) the court's order denying her motion to reinstate her action. The order of dismissal was entered December 30, 1985. Plaintiff filed her motion to reinstate on January 29, 1986. The trial court denied the motion to reinstate on March 11, 1986. Plaintiff filed her notice of appeal from both orders on March 26, 1986. Defendants have filed a motion to dismiss the appeal as untimely. *Held*:

1. Our code authorizes either party in any civil case to "appeal from any . . . judgment, decision, or decree of the court. . . ." OCGA § 5-6-33 (a). If the matter appealed is one included within the discretionary statute, OCGA § 5-6-35 sets forth the procedure to be followed. If the issue is interlocutory in nature, OCGA § 5-6-34 (b) establishes the time limits and procedure for the appeal. However, where the matter in controversy is final, then OCGA § 5-6-34 (a) must be complied with on appeal.

For appeals from final judgments, OCGA § 5-6-38 (a) provides, in pertinent part, that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." The motion to reinstate was filed within 30 days of the entry of the order of dismissal, and the notice of appeal was filed within 30 days of the order denying reinstatement. Accordingly, the threshold issue is whether the motion to reinstate can be considered as one of the three types of motions which toll the running of the time for appeal from the judgment of dismissal. Very clearly it was not a motion for a new trial, as no trial had been had. Equally clear is the fact that the motion was not one for judgment notwithstanding verdict, for there was no verdict. This leaves in issue the question of whether the motion to reinstate can be considered a "motion in arrest of judgment."

The exclusive method by which civil judgments may be attacked is set forth in OCGA § 9-11-60. *C & S Nat. Bank v. Burden*, 145 Ga. App. 402 (2) (244 SE2d 244); *Henry v. Polar Rock Dev. Corp.*, 143 Ga. App. 189 (1) (237 SE2d 667); *Henry v. Adair Realty Co.*, 141 Ga. App. 182 (3) (233 SE2d 39). An arrest of judgment is not enumerated therein. Thus, even though OCGA § 5-6-38 lists "arrest of judgment" as one of the motions which extends the time for filing a notice of appeal, it apparently refers to criminal appeals (see OCGA §§ 17-9-60 through 17-9-63) because the repealer section of the CPA (Code Ann. § 81A-201 (jj)) repealed Code Ann. Ch. 110-7 dealing with motions in arrest of judgment. See *Austin v. Carter*, 248 Ga. 775, 776 (fn. 2) (285 SE2d 542). Hence, we must conclude that plaintiff's motion for rein-

statement was not one which would extend the time for the filing of the notice of appeal. The notice of appeal was filed within the statutory period of the denial of the motion to reinstate but was not timely filed as to the order of dismissal. We are without jurisdiction to consider the enumeration relating to the order of dismissal, but will address the enumeration concerning the denial of the motion to reinstate. *Powell v. Darby Bank &c. Co.*, 163 Ga. App. 524 (1), (2) (295 SE2d 222); *Herring v. Herring*, 236 Ga. 368, 369 (223 SE2d 676).

2. In the instant case, plaintiff filed a nonstatutory motion, i.e., a motion to reinstate, which is the equivalent of a motion for reconsideration. It cannot be considered as a motion to set aside as it was not based upon a nonamendable defect which appears upon the face of the record. OCGA § 9-11-60 (d). It has been the general rule in this state that where the judgment complained of is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which rendered and in the exercise of a sound discretion the judge may set it aside. *Martin v. Gen. Motors Corp.*, 226 Ga. 860, 862 (178 SE2d 183); *Sunn v. Mercury Marine*, 166 Ga. App. 567, 569 (305 SE2d 6). We have found no abuse of discretion in the refusal of the trial court to set aside his judgment and to reinstate plaintiff's action. *Powell*, supra (2).

*Judgment affirmed in part. Appeal dismissed in part. Banke, C. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED NOVEMBER 3, 1986.

*W. McMillan Walker*, for appellant.
*G. Stuart Watson, John C. Edwards*, for appellees.