## A94A2028. TYLER v. BENNETT.
(449 SE2d 666)

BIRDSONG, Presiding Judge.

Roy L. Tyler III appeals the jury verdict and judgment against him in his suit on Gregory E. Bennett's promissory note. Bennett executed a promissory note for $150,000 for the purchase of Tyler's title search company, Preferred Research. Bennett counterclaimed for breach of the purchase agreement, including a covenant by which Tyler agreed not to perform title abstracts within a three-mile radius of Savannah, Georgia, within two years of execution of the contract. Bennett alleged breach of the purchase agreement in that Tyler had acted to transfer several Preferred Research customers to a business operated by Tyler's former employee, who also held the security agreement on the computer hardware and software which Tyler agreed to sell Bennett. Bennett also alleged fraud in the inducement, contending that Tyler had advised Bennett that Tyler was being investigated for fraudulently laundering money from his title abstract clients but that he was innocent of all such charges, when in fact after selling Bennett this business Tyler pled guilty to bank fraud. The jury awarded Tyler nothing and awarded Bennett $680.86 on Bennett's counterclaim.

Tyler contends the trial court erred in denying his motion for directed verdict and motion for judgment n.o.v., and erred in a certain jury charge. *Held:*

1. A directed verdict is proper only where the evidence with all reasonable deductions therefrom demands a particular verdict; and once the jury has rendered a verdict, the evidence is construed in favor of that verdict when we determine whether a judgment n.o.v. should have been granted. OCGA § 9-11-50; *Carver v. Kinnett,* 209 Ga. App. 577 (434 SE2d 136). A judgment n.o.v. is proper only where the evidence, construed in favor of the jury's verdict, demands the opposite judgment. See *Jackson v. Williams,* 209 Ga. App. 640, 641-642 (434 SE2d 98). The evidence in this case, construed in favor of the jury's verdict, supports the jury's verdict and the judgment. There is evidence that almost immediately after Tyler sold the business to Bennett, Tyler, in breach of the covenant not to compete, went to work for a title research business in Savannah formed by the former employee who held the security interest in the computer equipment Tyler purported to sell to Bennett; Tyler arranged for one of the largest accounts for Preferred Research to transfer to that other title abstract business; this client's business would have been enough to en-

able Bennett to make a success of the business, if Tyler had not arranged for this client's business to be transferred to his new place of employment. There was evidence that Tyler performed numerous title abstracts in violation of his agreement. There was evidence that Tyler never transferred to Bennett the promised office equipment, and Tyler had failed to inform Bennett that Tyler's former employee had a security interest in the only computer which had title abstract programming, so that Bennett never acquired that computer and was unable to perform the business which Tyler purported to sell him. The evidence also shows that soon after telling Bennett he was not guilty of any criminal acts, Tyler pled guilty to bank fraud, thereby destroying the good will he had purported to sell Bennett. The verdict is amply supported by the evidence, and the award of the jury to Bennett was within the range of the evidence. Accordingly, Tyler was not entitled to a directed verdict, or judgment n.o.v.

2. Appellant contends a certain jury charge was error. Appellant has omitted from his brief a statement of the method by which he preserved the alleged error in the charge for appellate consideration. Court of Appeals Rule 15 (a) (1). On appeal, this court does not review issues which were not raised and ruled on below. *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575, 577 (442 SE2d 860). Appellant did not object to this jury charge before the jury gave its verdict (OCGA § 5-5-24); he waived any error at trial and waived the right to review such error. *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (309 SE2d 816). Moreover, the error is waived on appeal as appellant does not cite law or argument to support his claim that the charge given was error. Court of Appeals Rule 15 (c) (2). *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775 (5) (437 SE2d 641). Appellant provides no suggestion as to how the verdict would have differed had the charge differed, or in what way the charge should differ.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 1, 1994.

*A. G. Wells, Jr.,* for appellant.
*Michael A. Lewanski,* for appellee.