A95A1576. IN THE INTEREST OF C. M. S. et al., children.
(462 SE2d 398)

McMURRAY, Presiding Judge.

This is an appeal from an order of the juvenile court terminating the parental rights of appellant Richard Doll in his two sons, C. M. S. and J. L. D. Appellant is presently serving a lengthy prison sentence in Ohio for the murder of the children's mother to whom he was never married. *Held*:

1. Appellant maintains that the juvenile court did not have jurisdiction to terminate his parental rights because he was never served with the notice required pursuant to OCGA § 15-11-83. As the biological father who was not the legal father of the children, he should have been served with notice that he loses all rights to the children and would not be entitled to object to the termination of his rights to the children unless he timely files a petition to legitimate the children pursuant to OCGA § 19-7-22 and files notice of the filing of the petition to legitimate with the court in which the action to terminate is pending. OCGA § 15-11-83 (e) and (g). The parental rights of a biological father, who is not the legal father, who receives such notice and does not appropriately respond may be terminated pursuant to OCGA § 15-11-83 (h). Where, as in the case sub judice, there has been no compliance with this requirement for notice to the biological father, the provisions of OCGA § 15-11-83 (d) are inapplicable, and this abbreviated path to termination of the biological father's parental rights is unavailable. The notice requirements of OCGA § 15-11-83 relate only to the availability of the abbreviated termination procedures contained therein and do not affect the jurisdiction of the court below to consider a termination proceeding, such as in the case sub judice, brought pursuant to OCGA § 15-11-81. In the case sub judice,

the absence of an attempt by appellant to legitimate the children did not contribute to the judgment terminating parental rights; therefore, there was no harm resulting from the absence of the notice directed by OCGA § 15-11-83 (e) and (g). This enumeration of error is without merit.

2. Appellant presents additional arguments that the juvenile court lacked jurisdiction over him for purposes of terminating his parental rights and erred in overruling his motion to dismiss. This enumeration of error apparently complains of the denial of appellant's second motion to dismiss. That motion raised two contentions, the first being that termination of parental rights was improper because the children, being well cared for by others, were not deprived. But this contention lacks merit. The statutory finding of deprivation is based on an absence of proper parental care and control. *In the Interest of J. L. M.*, 204 Ga. App. 46, 48 (1) (418 SE2d 415).

The remaining issue raised in appellant's motion was that under the Uniform Child Custody Jurisdiction Act, OCGA § 19-9-41 et seq., proper jurisdiction of any termination of parental rights proceeding was in Ohio. The juvenile court rejected this proposition and concluded that under this statute it was the proper forum. The argument now submitted does not so much challenge the juvenile court's ruling with regard to the statute but rather is an attempt to enlarge the issues submitted below. Appellant's attempt to present new questions on appeal must be rejected due to the failure to preserve such issues below by eliciting a ruling thereon. *Tyler v. Bennett*, 215 Ga. App. 87, 88 (2) (449 SE2d 666); *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207).

3. The remaining enumeration of error questions the sufficiency of the evidence to authorize the termination of appellant's parental rights in these two children. In considering the termination of parental rights, the juvenile court was required to first determine whether there is present clear and convincing evidence of parental misconduct or inability. OCGA § 15-11-81 (a). This determination is made by finding that the child is deprived, that the cause of that deprivation is lack of proper care or control by the parent, that the cause of deprivation will likely continue, and that the continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-81 (b) (4) (A). In determining whether a child is without proper parental care and control, the juvenile court was authorized to consider the conviction of the parent of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship. OCGA § 15-11-81 (b) (4) (B) (iii). Upon a showing by clear and convincing evidence of such parental misconduct or inability, the juvenile court was authorized to then consider whether termination of parental rights is in the best interest

of the children. OCGA § 15-11-81 (a).

A conviction of a crime and incarceration does not always compel a termination of parental rights but will support such a ruling when adequate aggravating circumstances are shown to exist. *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (405 SE2d 903); *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666). Such aggravating circumstances are shown in abundance in the case sub judice. The juvenile court did not err in concluding that appellant "has engaged in egregious conduct toward the children of a physically and emotionally cruel and abusive nature by killing their mother in their presence. . . ." This finding was based on evidence that the younger child was in his mother's arms and the older child only 25 feet away when appellant stabbed the mother to death.

There was additional evidence that appellant's conduct towards the children wavered between abandonment and abuse. While appellant has provided some intermittent financial support for the older child in the past, he has never provided any for the younger child. In the interval since the 1988 murder of their mother until the termination proceeding, neither child has received any financial support from appellant. Nor has appellant, during this period of incarceration, ever telephoned or sent the children a letter, gift, or holiday card. Furthermore, even though both children have special needs because afflicted with autism, appellant has not taken any measures to respond to these needs of the children. The children also have behavioral problems associated with their exposure to the violent relationship between appellant and their mother.

The juvenile court determined that the children were without proper parental care and control and that it was in the best interest of the children that appellant's parental rights be terminated. As an appellate court, we must defer to the juvenile court in the area of factfinding and should affirm unless the appellate standard of review is not met. As we find that any rational trier of fact could have found by clear and convincing evidence that appellant's rights to custody were lost, the juvenile court did not err in terminating the parental rights of appellant Richard Doll. *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 25, 1995 —
RECONSIDERATION DENIED SEPTEMBER 12, 1995.

*David C. Butler, Jason R. Hasty*, for appellant.

*Carol B. Powell*, for appellee.