## A96A1017. KIM v. McCULLOM.
### (474 SE2d 654)

Blackburn, Judge.

Bok Ja Kim appeals the judgment of the trial court, entered after a bench trial, finding her liable for the unpaid portion of a note she signed to finance the purchase of a business.

On March 25, 1994, Shaun G. McCullom sold Kim a restaurant business located in the Grant Building in downtown Atlanta. Kim paid one-half of the purchase price at the time of closing and signed a note to pay the remaining $15,000 in monthly installments. As a part of the sale, McCullom agreed to assign the restaurant's existing lease to Kim; however, by its own terms, the lease required the landlord's prior written consent to any assignment. Kim and McCullom agreed that Kim could rescind the restaurant sale within seven days if the landlord's written consent was not forthcoming.

Despite receiving no formal assignment of the lease from the landlord, Kim proceeded to operate the restaurant. Her initial payment under the note, due on April 25, 1994, was not made until June 3, 1994. She made no further payments. On June 20, 1994, McCullom commenced the underlying suit. While she ceased making payments on her note, Kim continued to operate the restaurant and made rental payments to the landlord through October 1994. In November or December of that year, she abandoned the restaurant altogether and left the state. To prevent a default under the lease, on which he was still the named tenant, McCullom reentered the premises and reopened the restaurant. In doing so, McCullom incurred $2,985 in expenses.

After a bench trial, the trial court awarded McCullom $13,750 in principal owed under the note plus interest, as well as the $2,985 in expenses incurred to reopen the restaurant. After entry of the judgment, Kim tendered all amounts due thereunder to McCullom with payment conditioned upon redemption of the collateral that secured the note which included the restaurant's fixtures, equipment, and inventory. When this conditional tender was rejected by McCullom, Kim filed a motion for modification of judgment or, in the alternative, for entry of satisfaction of judgment seeking to enforce her right of redemption pursuant to OCGA § 11-9-506 or to have the judgment

declared satisfied pursuant to OCGA § 11-9-505 (2) because McCullom retained possession of the collateral. The motion was denied, and this appeal ensued.

1. In her first three enumerations of error, Kim contests the trial court's determination that McCullom had fulfilled his obligation to assist in obtaining the landlord's consent to the lease assignment and that Kim had no right to rescind under this provision of their sales agreement. Assuming without deciding that the trial court erred in making this determination, we find no harm resulted from the alleged errors. The record clearly reveals that Kim did not attempt to rescind the sales contract until months after she stopped paying the note. "The right of a party to rescind a contract depends upon that party's not having breached the contract himself." (Citations and punctuation omitted.) *Williams v. Dienes Apparatus,* 200 Ga. App. 205, 207 (407 SE2d 408) (1991). Consequently, in light of her own breach, Kim was foreclosed from rescinding her sales agreement regardless of whether its condition concerning the assignment of the lease was met.

2. In her fourth enumeration, Kim asserts that the trial court erred in awarding McCullom the expenses he incurred to re-open the restaurant as he had not specifically prayed for these damages in his pleadings. According to the record, McCullom's first mention of these expenses came at trial and evidence of their amount was admitted over Kim's repeated objection. "When issues not raised by the pleadings are tried *by express or implied consent of the parties,* they shall be treated in all respects as if they had been raised in the pleadings. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." (Citations and punctuation omitted; emphasis in original.) *Burger King Corp. v. Garrick,* 149 Ga. App. 186, 188 (253 SE2d 852) (1979); see also OCGA § 9-11-15 (b). In this case, Kim did not satisfy the trial court that the admission of this evidence would prejudice her as the trial court permitted the amendment over Kim's repeated objection of undue surprise. We do not find that the trial court erred in permitting the amendment. "Not only is the right of amendment very broad, but so is the court's discretion in this regard, and its determination will not be disturbed absent abuse." *Henderson v. Easters,* 178 Ga. App. 867, 870 (345 SE2d 42) (1986).

3. In her fifth and sixth enumerations of error, Kim asserts errors concerning the trial court's failure to consider whether Kim should receive credit on her debt for the collateral that secured the

note. Particularly, she asserts that the trial court erred in not requiring McCullom to account for the collateral and in not permitting her to present evidence of the value of the collateral at the time of McCullom's alleged repossession. The record reveals that at no time during the trial did Kim ask McCullom to account for the collateral, nor does it reveal that Kim ever sought to introduce evidence of the value of the collateral. "On appeal, this court does not review issues which were not raised and ruled on below." *Tyler v. Bennett*, 215 Ga. App. 87, 88 (449 SE2d 666) (1994). Accordingly, neither of these enumerations presents issues appropriate for appellate review.

4. In her final enumeration, Kim asserts that the trial court erred in not granting her post-judgment motion regarding the status of the collateral. As noted above, a review of the record reveals that Kim did not make any arguments pertaining to the collateral during the trial. In fact, Kim filed affidavits and exhibits to her post-judgment motion in order to supply the court with pertinent evidence concerning the collateral that had not been submitted during trial. OCGA § 9-11-60 provides the exclusive method by which civil judgments may be attacked. *Daniels v. McRae*, 180 Ga. App. 732, 734 (350 SE2d 317) (1986). It does not permit the use of post-judgment motions to raise arguments or introduce evidence previously known to the parties but not addressed at trial. See *Complete AAA Mfg. Corp. v. C & S Nat. Bank*, 119 Ga. App. 450, 452 (2) (167 SE2d 734) (1969) (issues raised in a post-judgment motion, but not "asserted at the trial, can not now be asserted as a basis for reversal"). Accordingly, the trial court did not err in denying Kim's post-judgment motion.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

1. Kim sought to redeem the collateral, but the collateral was nearly non-existent. The security agreement signed by restaurant buyer Kim at closing purports to grant to seller McCullom "security title to and a security interest in all fixtures, equipment, inventory, merchandise and goods of the restaurant business . . ., including but not limited to the fixtures and equipment listed on Exhibit 'A' attached hereto and made a part hereof, and all additions, accessions and substitutions for such . . ., together with the products and proceeds thereof (all such property being hereinafter collectively called 'Collateral') to secure the payment of the principal of, interest on and satisfaction of all obligations arising from the . . . note. . . ." No Exhibit A is attached to the document which was entered into evidence.

In her post-trial motion for modification of the judgment or alter-

natively for entry of its satisfaction, Kim attached "Exhibit B" which she contended was a partial listing of the equipment pledged as collateral. There is no indication, even in her accompanying affidavit in the record, that this represents the collateral which was the subject matter of the security agreement. The closing agreement, which Kim introduced into evidence at trial, does not assign a value to any of the items listed as the assets which were the subject of the sale: inventory and supplies, equipment and fixtures, lease and leasehold improvement, covenant not to compete, goodwill and trade name.

The restaurant business which was sold operated under the trade name "The Barbecue Place." Kim abandoned the business and the premises after several months of operation, and when McCullom reopened it, he renamed it "Scott's Barbecue and Deli." The original trade name had lost its worth because it had no customers, and the business was worth only its good will. There was no inventory when he regained possession, and he also testified that "aside from a couple pieces of equipment, all of the equipment is owned by the [landlord]." The equipment Kim added became fixtures and thus also became owned by the landlord under the lease and not collateral. The lease itself was never transferred to Kim because she did not sign the assignment, and McCullom remained obligated under the lease.

The condition of the premises was "pretty derelict," McCullom testified. "There was food just left to rot. Nothing had been cleaned. There were bugs. . . . It took a good couple of weeks everyday going down there and cleaning."

Thus the evidence supports the trial court's judgment and the denial of the post-judgment motion, in that the assets of the business which Kim bought were dissipated so that McCullom did not regain a valuable business *plus* payment therefor (in the form of a judgment on the promissory note). There was no double recovery and no collateral to redeem.

2. I agree that it was not an abuse of discretion to allow McCullom to amend his complaint mid-trial, in order to accommodate the additional damages which arose or came to light after the complaint was filed. Defendant Kim should not have been surprised at trial because, in addition to her knowledge that utility bills and rent for which she was obligated were not paid, the note itself provides, "To secure the payment of this note, Holder shall have the rights and remedies provided in a certain security agreement of even date executed by the undersigned in favor of Holder which security agreement is incorporated expressly by reference into this note and made a part thereof." Under the security agreement, Kim promised not only the payment of the note but also "the satisfaction of all other obligations of the undersigned hereunder to the Secured Party, . . . however created, arising or evidenced, whether direct or indirect,

absolute or contingent, or now or hereafter existing, or due or to become due."

DECIDED AUGUST 7, 1996.

*Smith, White, Sharma & Halpern, Furman Smith, Jr.,* for appellant.

*David A. Kleber,* for appellee.